OPINION OF THE COURT
Arthur E. Blyn, J.
In this habeas corpus proceeding brought, pursuant to section 72 of the Domestic Relations Law, to determine the visitation rights of the petitioner grandmother, or in the *618 alternative to award her custody, respondent, Spence-Chapin Services for Families and Children (hereinafter referred to as "Spence-Chapin”) moves for summary judgment.
The facts in this matter are not in dispute. The infant Lamira was born on March 1, 1975, with narcotic withdrawal symptoms. As a result of a neglect petition physical custody of the infant was given to the respondent, Commissioner of Social Services of the City of New York, who thereafter, on April 1, 1975, transferred physical custody to the respondent Spence-Chapin. The child was immediately placed with a foster family where she has remained ever since.
A proceeding was commenced under section 384-b of the Social Services Law seeking legal custody of the child based on abandonment, which proceeding culminated in an order of the Surrogate’s Court, New York County, in September of 1977, awarding such custody to the respondent Spence-Chapin. Upon being, advised that the child had been freed for adoption the foster parents formally notified respondent Spence-Chapin of their desire to do so. At present, the required pre-adoptive home study is being conducted, following approval by the agency of the foster parents as adoptive parents, and preparatory to the completion of adoption proceedings.
Petitioner, the child’s maternal grandmother, has never seen the child. She did not know of the child’s existence until the latter part of 1977 when she acquired that knowledge by happenstance. Petitioner is currently taking care of a six-month-old sister of the infant and there are apparently three other siblings who reside with the petitioner’s mother. There has never been any contact between Lamira and these other children.
As in all other proceedings involving custody and visitation, the standard to be applied at bar is the "best interest” of the child. (Domestic Relations Law, § 72; Lo Presti v Lo Presti, 40 NY2d 522; Matter of Ehrlich v Ressner, 55 AD2d 953; Matter of Vacula v Blume, 53 AD2d 633.) While a hearing is ordinarily required to determine that issue, on the undisputed facts presented at bar there are no triable issues of fact and it is established as á matter of law that this writ should be dismissed.
While petitioner’s standing to commence this proceeding may not be obviated by the imminent adoption proceeding, or for that matter an order of adoption (Matter of Scranton v Hutter, 40 AD2d 296; Matter of Geri v Fanto, 79 Misc 2d 947), *619 it is overwhelmingly clear to this court on the basis of the facts presented that the best interest of this child would not be served by permitting visitation by the petitioner. These authorities, holding that the adoption of a child would not preclude the assertion of visitation rights by the grandparents, appear to be in accord with the Court of Appeal’s opinion in Lo Presti (40 NY2d 522, supra). In both Scranton and Geri, however, the adoption involved was by the new spouse of a natural parent of the child. Research has not disclosed any authority dealing with the question of whether the adoption of the child by unrelated third parties would bar the assertion of visitation rights by grandparents. The statute offers no guidance and a reading of Lo Prestí (supra), indicates that each case must turn on its own facts.
As the Court of Appeals stated in Lo Presti (supra, p 526): "This section [Domestic Relations Law, § 72] is not intended to give grandparents an absolute or automatic right of visitation. Its underlying design is to establish a procedural vehicle through which grandparents might assert that visitation of the child * * * is warranted [citation omitted].” It is clear that the intention of the statute is to provide a means to preserve a beneficial relationship between a grandchild and grandparent consistent with that child’s best interest. As Judge, now Dean, Glasser observed in Matter of Geri (supra, p 950), when faced with a similar situation, "to encourage such a relationship [between grandchild and grandparent] * * * would hinder the adoptive relationship.” At bar there is no relationship, petitioner having never seen the child.
Petitioner’s argument that she is presently caring for the child’s sister and has access to other siblings is not persuasive. Separation of siblings is unfortunate, but Lamira’s best interests, under the facts presented here, dictate that separation and her imminent adoption. (Matter of Malik M., 40 NY2d 840.)
Accordingly, the motion is granted.