OPINION OF THE COURT
Aaron B. Cohen, J.
Before the court is a petition for visitation brought by the maternal grandparents against the parents of the children. The matter is somewhat unusual in that the grandparents are pressing their “rights of visitation” against the wishes of their daughter and son-in-law, parents in an intact family. The respondent parents, by oral application, seek dismissal of the petition.
Section 72 of the Domestic Relations Law recites “Where either or both of the parents of a minor child, residing within this state, is or are deceased, or where circumstances show that conditions exist which equity would see fit to intervene, a grandparent or the grandparents of such child may apply to the supreme court for a writ of habeas corpus to have such child brought before such court; and on the return thereof, the court, by order, after due notice to the parent or any other person or party having the care, custody and control of such child, to be given in such manner as the court shall prescribe, may make such directions as the best interest of the child may require, for visitation rights for such grandparent or grandparents in respect to such child.” Section 651 of the Family Court Act grants the Family Court the same powers as Supreme Court in visitation matters.
*547 Section 72 of the Domestic Relations Law, as originally enacted in 1966, required that a parent of a child be deceased and that the grandparents seeking visitation be the deceased parent’s parents before a court would entertain a petition. In 1975, section 72 was amended to afford standing to seek visitation by writ of habeas corpus, not only where a parent has died, but also “where circumstances show that conditions exist which equity would see fit to intervene”.
Most of the reported cases that deal with the construction of section 72 present cases involving the death of a parent, divorce, adoption, some related traumatic event, or other unusual circumstances. (Matter of La Russo, NYLJ, Aug. 10, 1983, p 14, col 6.)
In the situation where grandparents seek visitation as against the parents, the court must resolve conflicting interests. One is the constitutional right of parents to raise their children as they see fit and the other is the benefit that may inure to a child by contact with his grandparents. (Matter of Ehrlich v Ressner, 55 AD2d 953.) For the grandparents to overcome the parents’ constitutional right, they must show that circumstances exist where equity would see fit to intervene.
A parent’s interest and fundamental right to raise their children as they see fit has been recognized by the Fourteenth Amendment to the United States Constitution. (Prince v Massachusetts, 321 US 158.) In an intact family where both the natural father and mother are in agreement as to the management of their child’s life, only in an extreme situation may the State or a third party intervene. The parents’ right to make decisions as to whether their children have contact with third parties (i.e., relatives or nonrelatives) must be given paramount consideration.
Recently, the Court of Appeals held that the rights of a grandparent are rather limited. In Matter of Peter L. (59 NY2d 513), the court held that a grandparent may not override the right of a natural parent to surrender a child to a public agency for adoption. A fortiori, a grandparent may not override the right of parents in an intact family to prohibit the grandparents from visiting with their grandchildren, absent a showing that equity would see fit to *548 intervene. Without such a showing, the court does not have the power to intervene.
The petition fails to show any conditions or circumstances which would justify the intervention of equity. There should not be any judicial interference with the fundamental constitutional rights of a parent, absent such allegations. Mere protestations of love and affection between a grandparent and grandchild, in and of itself, are insufficient to warrant the intervention of the court. (Contra Matter of La Russo, supra.)
The petition herein is dismissed.