■ In the Matter of FRANCIS T. APKER et al., Appellants, v JOYCE E. MALCHAK et al., Respondents.—Weiss, J. Appeal from an order of the Family Court of Broome County (Whiting, Jr., J.), entered November 19, 1984, which dismissed petitioners' application for visitation of their grandchildren.

Petitioners are the grandparents of Stephanie (born July 9, 1972) and Eric (born Apr. 1, 1975), the children of respondents, against whom this proceeding was commenced seeking an order permitting visitation pursuant to Domestic Relations Law § 72 (see, Family Ct Act § 651).

On November 19, 1984, a hearing was held at which a report from the Broome County Probation Department was admitted into evidence upon stipulation of both parties indicating that respondents' first child, Thomas, Jr., (born May 5, 1971), tragically died several months after birth when he choked on a toy given to him by petitioners. The relationship between the parties deteriorated after this incident and a subsequent dispute over a $15,000 loan from petitioners to respondents, to the point where, after Eric's birth, petitioners have been deprived of access to the children. The report concluded that the "children have never had any meaningful relationship with their grandparents * * * There would likely be a traumatic and devastating impact on the Malchak family if visitations were to be established at this late date." During the hearing, both petitioners testified to their love for the children and their continued but unsuccessful efforts to maintain contact with them. They explained that a legal remedy was not pursued earlier since they were not cognizant that grandparents could exercise any such right. At the close of the evidence, the Law Guardian opined that imposed visitation would be extremely traumatic for the children. These circumstances prevailing, Family Court granted respondents' motion to dismiss the petition, giving rise to this appeal.

Initially, we are constrained to point out the failure of Family Court to state the facts essential to its decision in compliance with CPLR 4213 (b) (see, Giordano v Giordano, 93 AD2d 310). Here, in granting respondents' motion to dismiss, the Family Court Judge merely explained: "I am going to grant the motion. I just can't force it. I cannot do it." However, since the record here is sufficiently complete to permit us to make a determination, we will do so in the interest of judicial economy and to avoid further delay (see, Guinan v

*Guinan,* 102 AD2d 963; *Matter of Milton v Dennis,* 96 AD2d 628; *Matter of Jones v Jones,* 92 AD2d 632).

Petitioners' contention that they were deprived of a full hearing is without merit. The record confirms that petitioners were accorded every opportunity to present their arguments in favor of visitation, and could have, but failed to, subpoena respondents. Moreover, Family Court ordered a thorough pretrial investigation and appointed a Law Guardian to protect the children's interests. Nor is there any support for petitioners' allegations that they were precluded from challenging the conclusions of the probation report. While this report was received subject to any explanation, no attempt was made to controvert its findings.

Domestic Relations Law § 72 provides a procedural mechanism by which grandparents may seek an award of visitation rights, but does not guarantee any such award (*Lo Presti v Lo Presti,* 40 NY2d 522, 526; *Matter of Johansen v Lanphear,* 95 AD2d 973, 974). Visitation may be granted "where circumstances show that conditions exist which equity would see fit to intervene", with the ultimate inquiry being the best interests of the children (Domestic Relations Law § 72). The existence of animosity between the parents and grandparents, so prevalent in this case, is not a determinative factor. With these principles in mind, the record shows that while petitioners have manifested their love and affection for their grandchildren, no meaningful relationship has ever been established. Indeed, the grandparents have not seen the children in over nine years and concededly would not even recognize them. Given this background and the recommendations of the probation report and Law Guardian, we conclude that Family Court's decision is supported in the record and should not be disturbed (*see, Matter of Theodore R. v Loretta J.,* 124 Misc 2d 546; *People ex rel. Wilder v Director, Spence-Chapin Servs.,* 93 Misc 2d 617).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.