■ In the Matter of JUDY A. LA PORTE, Appellant, v TERRY RIVERS et al., Respondents.—Kane, J. P. Appeal from an order of the Family Court of Clinton County (Feinberg, J.), entered February 23, 1987, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with her grandchildren.

Petitioner commenced this proceeding against respondents seeking an order permitting her visitation with two of her grandchildren. Respondents are the children's parents. Under Domestic Relations Law § 72, such visitation is permitted "where circumstances show that conditions exist which equity would see fit to intervene" and where it is in the best interests of the children. After holding a hearing, Family Court denied visitation and dismissed the petition. Petitioner has appealed.

The following were among the facts elicited at the hearing. Petitioner admitted that the last time she had seen the

children was two years before the hearing date. It was also revealed that previous to that time, when she had lived only a short distance from the children, petitioner had seen them only about once a month. Petitioner also admitted that she had allowed one of her granddaughters to stay in the same house with a man whom she knew had been accused of sexual abuse. Petitioner conceded that she did not know what benefit there would be for the children if visitation was allowed. A social worker who investigated petitioner's relationship and interaction with the children testified that visitation by petitioner would be of no benefit to the grandchildren.

Based upon the evidence before it, Family Court concluded that it would not be in the children's best interests to permit visitation. We agree. The question of visitation is a matter solely in the discretion of the court (see, Lo Presti v Lo Presti, 40 NY2d 522, 527). Here, despite manifestations of petitioner's concern for the children and having good relations with them, the record shows no meaningful relationship and only infrequent contact. Given the testimony and the social worker's recommendation, we conclude that Family Court's decision is supported by the record and should not be disturbed (see, Matter of Apker v Malchak, 112 AD2d 518, 519).

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.