■ In the Matter of SEYMOUR S., Respondent, v GLEN S. et al., Appellants.—In a proceeding pursuant to Family Court Act article 6 and Domestic Relations Law § 72, the appeal is from an order of the Family Court, Queens County (Lauria, J.), dated March 28, 1990, which, after a hearing, granted the petitioner, the child's grandfather, visitation with the child.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is dismissed, and a prior ex parte order of the same court, dated August 14, 1989, which prohibited the respondents from removing the child from the jurisdiction, is vacated.

The petitioner commenced the instant proceeding under Domestic Relations Law § 72 seeking visitation with his granddaughter, despite the objections of her natural parents, the respondents herein. The petitioner's last contact with his granddaughter was when she was two weeks old, and there is no credible evidence that the petitioner made a reasonably sufficient effort to establish any contact with his grand-

daughter during the time from her birth in February 1984 to the filing of his petition in April 1989. Further, the credible evidence showed the petitioner had managed to alienate both of his sons, and had not had any contact with the respondent Glen S., the child's father, for two years. In short, the petitioner failed to establish "that conditions exist where 'equity would see fit to intervene' ", thus failing to establish his standing to seek visitation (see, Matter of Emanuel S. v Joseph E., 78 NY2d 178, 183). Moreover, even if the petitioner had standing, there is nothing in the record to support the Family Court's determination that visitation was in the best interests of the child (see, Matter of La Porte v Rivers, 144 AD2d 861; Matter of Apker v Malchak, 112 AD2d 518; Matter of Geri v Fanto, 79 Misc 2d 947). Balletta, J. P., Eiber, O'Brien and Santucci, JJ., concur.