■ In the Matter of GLORIA GRANT, Appellant, v FRANCINE RICHARDSON, Respondent. [697 NYS2d 17] —Order, Family Court, New York County (Mary Bednar, J.), entered on or about November 12, 1997, which denied petitioner's application for visitation with the subject children, unanimously affirmed, without costs.

Petitioner maternal grandmother seeks visitation with the subject children, who, after their mother's death, resided with their father and respondent and, after their father's death, continued to reside with respondent, who was given letters of guardianship for the children in a proceeding in which petitioner unsuccessfully sought visitation. In the instant proceeding, while the court erroneously advised petitioner that "best interest standing will govern whether or not I conduct a hearing", it is clear from the record that petitioner was accorded the automatic standing to seek visitation to which she was entitled under Domestic Relations Law § 72, and that the court's determination, made after a hearing, was properly based solely on the children's best interests. On the merits, the finding that visitation would not be the children's best interests is supported by evidence that petitioner caused them stress by telling them that the man they knew as their father was not their real father, that respondent is nothing to them and that they were just in foster care; that petitioner allowed the children to live with her in the same house as her husband, who she admitted was prone to domestic violence against her, and whom one of the children had accused of sexual abuse; and that the children are adamantly opposed to any visitation with petitioner (*see, Matter of La Porte v Rivers*, 144 AD2d 861; *Matter of Gloria R. v Alfred R.*, 209 AD2d 179). Concur— Ellerin, P. J., Rosenberger, Williams, Wallach and Andrias, JJ.