■ In the Matter of RENEE DAMBAKLY, Appellant-Respondent, v PHILIP PATIRE, Respondent-Appellant. (Proceeding No. 1.) In the Matter of DAVID DAMBAKLY, Appellant-

Respondent, v PHILIP PATIRE, Respondent-Appellant. (Proceeding No. 2.) [754 NYS2d 308] —In two related proceedings pursuant to Family Court Act articles 4 and 5, the petitioners appeal, as limited by their brief, from so much of an order of the Family Court, Richmond County (McElrath, J.), dated August 8, 2001, as denied their objections to an order of the same court (Fondacaro, H.E.), dated May 17, 2001, granting Philip Patire's motion to dismiss both proceedings for lack of personal jurisdiction, and Philip Patire cross-appeals, as limited by his brief, from so much of the same order as denied his objections as academic.

Ordered that the cross appeal is dismissed, without costs or disbursements, as Philip Patire is not aggrieved by the order cross-appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Richmond County, for further proceedings.

The petitioner, Renee Dambakly (hereinafter the mother), alleges that Philip Patire is the father of her son, the petitioner David Dambakly (hereinafter the son), who was born out of wedlock. The mother commenced a proceeding against Patire to determine his paternity and for child support. The son commenced a separate proceeding against Patire for child support. Patire, a nondomiciliary of New York who was served with process outside of New York pursuant to Family Court Act § 580-201 (6), moved to dismiss each proceeding on the ground that there was no basis for the exercise of jurisdiction over him.

A hearing on the motion was held before a Hearing Examiner, wherein the mother testified, inter alia, that she and Patire had engaged in sexual intercourse in New York and in New Jersey between November and December 1982. She also testified that she believed that her son was conceived in December 1982. Further, the mother offered into evidence three photographs of Patire in her apartment in New York during December 1982. However, Patire testified, inter alia, that he and the mother only had sexual relations in New York in November 1982. After the cross-examination of the mother, Patire moved to dismiss the proceedings for failure to set forth a prima facie case. The Hearing Examiner denied that motion.

Thereafter, the Hearing Examiner permitted redirect examination of the mother. She was asked what occurred in her apartment when the photos were taken. The Hearing Examiner sustained Patire's objection to such question on the ground of relevance. At the close of the hearing, the Hearing Examiner

issued a decision dismissing both proceedings. The hearing examiner failed to set forth essential findings of fact or determine issues of credibility of the parties.

The petitioners filed written objections to the Hearing Examiner's decision, maintaining that the Hearing Examiner erred in dismissing both proceedings. Patire also filed written objections to the decision, arguing that the Hearing Examiner erred in denying his motion to dismiss the proceedings for failure to set forth a prima facie case. The Family Court denied the petitioner's objections and also denied Patire's objections as academic.

In *Tri-State Sol-Aire Corp. v United States Fid. & Guar. Co.* (198 AD2d 494, 495), this Court stated that: "[p]ursuant to the CPLR, '[t]he decision of a referee shall comply with the requirements for a decision by the court' (CPLR 4319). 'The decision of the court may be oral or in writing and shall state the facts it deems essential' (CPLR 4123 [b]). 'This statutory requirement mandates that the court set forth those ultimate or essential facts on which it relies to reach its decision * * * This requirement recognizes that intelligent appellate review is impossible if the appellate court cannot ascertain on what facts and conclusions of law the lower court rested its decision * * * It 'is particularly appropriate in cases where issues of credibility are raised at the trial' * * * Moreover, it 'may not be waived or dispensed with.' "

Family Court Act § 580-201 (6) provides that a court may exercise jurisdiction over a nonresident individual in a proceeding to determine parentage if "the individual engaged in sexual intercourse in this [S]tate and the child may have been conceived by that act of intercourse."

Although there was conflicting testimony as to whether the parties engaged in sexual relations in New York during the relevant period, the Hearing Examiner failed to assess credibility and was equivocal in its findings as to whether the parties engaged in sexual relations during the relevant period of time.

In addition, the Hearing Examiner erred in sustaining Patire's objection to the question of what occurred in the mother's apartment when the photos of Patire were taken. Evidence is relevant if it has " 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence' " (*People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998, quoting Uniform Rules of Evidence, rule 401). Since the issue before the Hearing Examiner was whether

Patire engaged in sexual intercourse in this state during the relevant period of time, which may have resulted in the son's conception, the question of what occurred in the mother's apartment was relevant.

In light of all of the foregoing, the matter is remitted to the Family Court, Richmond County, for a new hearing and new determination. Ritter, J.P., Luciano, Cozier and Rivera, JJ., concur.