■ In the Matter of CAROL A. WILSON et al., Appellants, v LINDA A. McGLINCHEY et al., Respondents. (And Another Re-

lated Proceeding.) [760 NYS2d 577] —(And Another Related Proceeding.) Spain, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered October 26, 2001, which, inter alia, dismissed petitioners' application, in a proceeding pursuant to Family Ct Act article 6 and Domestic Relations Law § 72, to vacate a prior order of visitation.

Respondents are the parents of petitioner Carol A. Wilson, who is married to petitioner Steven J. Wilson, and the grandparents of petitioners' two young daughters, Sarah, born in June 1999, and Samantha, born in November 2000. In October 1999, respondents filed a petition (hereinafter the 1999 petition) in Family Court pursuant to Domestic Relations Law § 72 seeking visitation with Sarah alleging, among other things, that from the time of Sarah's birth, petitioners had refused to allow them visitation despite respondents' efforts. Reportedly, respondents have been estranged from their daughter since before petitioner's 1997 marriage. In December 1999, petitioners moved to dismiss the 1999 petition contending, among other things, that respondents lacked standing as required by Domestic Relations Law § 72, but thereafter agreed to settle the matter; they signed a written stipulation dated May 31, 2000 agreeing to permit respondents to visit with Sarah—at that time almost a year old—for "a minimum of eight (8) hours per month," nonspecifically providing that visitation was to "be at such times and places as shall be mutually agreed upon by the parties." Family Court incorporated the stipulation into an order which was entered on June 22, 2000 (hereinafter the stipulated order).

In March 2001, petitioners, by order to show cause, filed a petition alleging that a change in circumstances had taken place since the entry of the stipulated order and seeking to vacate said order. In April 2001, respondents filed a petition seeking visitation with Samantha, then about five months old. Petitioners moved to dismiss respondents' petition contending that they lacked standing, which motion Family Court denied.

Family Court conducted a three-day hearing on both petitions and, thereafter, dismissed petitioners' petition to vacate, finding that no change in circumstances had occurred. However, Family Court denied respondents' petition on the merits, finding that visitation would not be in Samantha's best interest. Petitioners appeal from that part of Family Court's order which dismissed their petition to vacate pertaining to Sarah. Respondents have not appealed and, thus, no issue is presented as to the court's denial of their petition pertaining to Samantha.

As a threshold matter, the issue of standing is not before us

as petitioners did not raise it in their petition to vacate or on appeal (*see* Domestic Relations Law § 72; *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181 [1991]). Thus, we turn to reviewing the record on appeal to determine whether the continuation of the existing agreed-to visitation order over the strenuous objections of petitioners is in the best interest of Sarah (*see* Domestic Relations Law § 72), a determination never reached by Family Court, guided by the principle that, in grandparent visitation cases such as this, "it is well settled that the primary consideration is the best interest of the child" (*Matter of Beers v Beers*, 220 AD2d 839, 840 [1995], citing *Matter of Emanuel S. v Joseph E., supra* at 181). On appeal, petitioners' challenge to Family Court's dismissal of their petition to vacate the visitation order is based solely on the argument that they demonstrated a change in circumstances warranting termination of the visitation order as in Sarah's best interest. They have not addressed the issue of whether the change in circumstances analysis utilized in cases between parents seeking to modify agreed-to custody or visitation orders (*see Matter of Murray v McLean*, 304 AD2d 899, 900 [2003]) is applicable here, or the weight that should be accorded to their stipulation.

Upon review of the record as a whole, we find that petitioners have demonstrated such a change in circumstances reflecting that respondents' visitation with Sarah is not in her best interest (*see Matter of Liantonio v Davanzo*, 303 AD2d 589 [2003]). In our view, the finding of Family Court—that "the level of animosity between the parties, coupled with the obvious dysfunction in this family, mitigates against an award of visitation with Samantha"—is equally true with respect to Sarah. The testimony and other evidence adduced at the hearing strongly supports the conclusion that—under these circumstances arguably created by both her parents and grandparents and characterized by obvious, albeit controlled, hostility during visitation and by the use of the child as a pawn in their ongoing personal battle—it will in all probability be very harmful to Sarah to continue to force visitation with respondents against her parents' wishes. Although animosity between the parties cannot alone provide the basis for denying visitation (*see Matter of Apker v Malchak*, 112 AD2d 518, 519 [1985]; *see also Matter of DiBerardino v DiBerardino*, 229 AD2d 539, 540 [1996]), the relations between these adults are such that they have been, and in all likelihood will continue to be, incapable of preventing their feelings toward one another from infecting any visitation (*see Matter of Liantonio v Davanzo, supra* at 589). Exposing Sarah to the coldness, stress, tension and battling hostility which have characterized the voluntary

visitation experience and the parties' interactions—which has caused the grandmother, the mother and the child to suffer emotionally, either before or after visitations—is not in her best interest. Moreover, given the minimal, agreed-to visitation routine, which has taken place in an artificial environment under limited conditions and absent any real life, nurturing experiences, respondents—while expressing their love and concern for Sarah—have not established a meaningful relationship with the child.

Although there is evidence of bad faith on the part of petitioners in their resistance to the stipulated order, they are the child's parents and the "nature and basis" of their objections are very relevant, compelling factors militating against forcing visitation (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 183 [1991], *supra*; *Matter of Ziarno v Ziarno*, 285 AD2d 793, 794 [2001], *lv denied* 97 NY2d 605 [2001]). Accordingly, the petition to vacate should have been granted. In light of our conclusion, we need not reach petitioners' challenge to the constitutionality of Domestic Relations Law § 72.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as dismissed petitioners' petition; petition granted and order entered June 22, 2000 vacated; and, as so modified, affirmed.