■ In the Matter of ELIZABETH EGGLETON, Appellant, v GERALDINE CLARK, Respondent. [782 NYS2d 771]—

In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the grandmother appeals from an order of the Family Court, Suffolk County (Simeone, J.), entered February 2, 2004, which, without a hearing, granted the mother's motion, in effect, to dismiss the petition.

Ordered that the order is affirmed, with costs.

The paternal grandmother commenced the instant proceeding seeking visitation with her granddaughters, despite the objections of the children's mother. Grandparents have standing to bring such proceedings where "either or both of the parents . . . is or are deceased" or where "conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72; *see Matter of Emanuel S. v Joseph E.,* 78 NY2d 178 [1991]). The death of the children's father provided the grandmother with automatic standing to seek visitation (*see id.* at 181), but did not guarantee any such award (*see Matter of Gavrusinas v Melnichenko,* 305 AD2d 679 [2003]; *Matter of Apker v Malchak,* 112 AD2d 518, 519 [1985]).

The question of visitation, which involves a determination of what is in the children's best interests, is left to the discretion of the court (*see Lo Presti v Lo Presti,* 40 NY2d 522, 527 [1976]). An essential part of this inquiry is whether a meaningful relationship exists between the petitioning grandparent and the children (*see Matter of Ziarno v Ziarno,* 285 AD2d 793 [2001]; *Matter of Seymour S. v Glen S.,* 189 AD2d 765 [1993]; *Matter of La Porte v Rivers,* 144 AD2d 861 [1988]; *Matter of Apker v Malchak, supra* at 519), or, in cases where a parent or parents have thwarted the attempts to forge such a relationship, whether the grandparent made sufficient efforts to establish one (*see Matter of Ziarno v Ziarno, supra* at 794-795; *Matter of Agusta v Carousso,* 208 AD2d 620 [1994]). Such efforts should be judged on a case-by-case basis, measured against what the grandparent could have reasonably done under the circumstances (*see Matter of Emanuel S. v Joseph E., supra* at 183).

It is undisputed that the petitioner had no contact with her son for 22 years. During this period of alienation, her son married and had two daughters, the grandchildren at issue, who the grandmother also made no effort to contact. It is conceded that the petitioner never met her five- and ten-year-old grandchildren, and that she first attempted to establish a relationship with them after her son died in August 2002, or, at best, after her son's separation from the respondent mother in 2001. The grandmother commenced this proceeding when her efforts to contact the children did not meet with success.

The Family Court found that the attempts described by the

grandmother were not sufficient to establish a prima facie case for visitation, even assuming that the mother thwarted the efforts the grandmother made at that point. As noted above, one of the key factors that would lead a court to deny grandparent visitation is the absence of any real existing relationship between the children and the grandparent. Relationships based on more contact and greater effort than what concededly occurred here have been held to be insufficient (*see e.g. Matter of Ziarno v Ziarno, supra; Matter of Seymour S. v Glen S., supra; Matter of La Porte v Rivers, supra*).

Under the given circumstances, the Family Court providently exercised its discretion in dismissing the petition. Ritter, J.P., S. Miller, Mastro and Fisher, JJ., concur.