■ JOSE OCHOA, Appellant, v JACOBSEN DIVISION OF TEXTRON, INC., Doing Business as JACOBSEN TEXTRON, Respondent, et al., Defendants. [790 NYS2d 708]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (DeMaro, J.), entered September 11, 2003, which, upon a jury verdict in favor of the defendant Jacobsen Division of Textron, Inc., doing business as Jacobsen Textron, and against him, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the law, the complaint is reinstated against the defendant Jacobsen Division of Textron, Inc., doing business as Jacobsen Textron, and a new trial is granted as to that defendant only, with costs to abide the event.

The plaintiff was injured while he was operating a commercial riding lawnmower on a golf course. As he attempted to remove a golf ball from a basket attached to the mower used to catch grass clippings, the blade reels, which he allegedly had disengaged, suddenly engaged, injuring his fingers. During the trial, the Supreme Court declined to permit the testimony of the plaintiff's expert on the ground that, although knowledgeable with respect to mechanical safety and interlock systems, the expert had no knowledge, education, or experience with respect to commercial riding lawnmowers.

Generally, evidence is relevant and admissible "if it has any tendency in reason to prove the existence of any material fact, i.e., it makes determination of the action more probable or less probable than it would be without the evidence" (*American Motorists Ins. Co. v Schindler El. Corp.*, 291 AD2d 467, 468-469 [2002], quoting *People v Scarola*, 71 NY2d 769, 777 [1988]; *see People v Lewis*, 69 NY2d 321, 325 [1987]). Here, the proferred expert testimony regarding mechanical safety and interlock systems generally was relevant to the plaintiff's theory that the design of the interlock system of the subject mower was defective. The respondent's objection to the proferred testimony on the ground of the alleged lack of skill or expertise of the witness went to the weight to be given to the expert's testimony, not to its admissibility (*see Ariola v Long*, 197 AD2d 605 [1993];

*Sumowicz v Gimbel Bros.*, 161 AD2d 314 [1990]; *De Luca v Kameros*, 130 AD2d 705 [1987]). Thus, the Supreme Court improvidently exercised its discretion in disqualifying the proffered expert. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.