■ In the Matter of HENRY CAVALRY, JR., Appellant, v LERONE SIMPSON, Respondent, et al., Respondent. [44 NYS3d 112]—

Appeal by the maternal grandfather from an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated December 15, 2015. The order, upon the granting of the motion of the father and the attorney for the children, made at the close of the maternal grandfather's case at a fact-finding hearing, to dismiss the petition for grandparent visitation for failure to make out a prima facie case, dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is denied, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for a continued fact-finding hearing and a new determination of the petition thereafter.

Following the death of the subject children's mother, the petitioner, the children's maternal grandfather, commenced this proceeding seeking visitation with the children, who live with their father. A fact-finding hearing was held, at which, since the petitioner had automatic standing to seek visitation (*see* Domestic Relations Law § 72; *Matter of Eggleton v Clark*, 11 AD3d 459 [2004]), the only issue was whether visitation with the petitioner would be in the children's best interests. At the close of the petitioner's case, the Family Court granted the motion of the father and the attorney for the children pursuant to CPLR 4401 for judgment as a matter of law and dismissed the petition on the basis that the petitioner failed to establish a prima facie case.

As the petitioner correctly contends, the Family Court improvidently exercised its discretion in precluding him from presenting the testimony of the children's maternal aunt, with whom the children resided after their mother became ill, on the basis that the testimony was irrelevant. "Generally, evidence is relevant and admissible 'if it has any tendency in reason to prove the existence of any material fact' " (*Doe v Department of Educ. of City of N.Y.*, 54 AD3d 352, 353 [2008], quoting *Ochoa v Jacobsen Div. of Textron, Inc.*, 16 AD3d 393, 394 [2005]). Here, the maternal aunt's testimony was relevant with respect to establishing the relationship between the petitioner and the children.

In any event, even absent the maternal aunt's testimony, the petitioner demonstrated, prima facie, that it would be in the children's best interests to have visitation with him (*see Matter of Gort v Kull*, 96 AD3d 842, 843 [2012]; *see generally Matter of Eggleton v Clark*, 11 AD3d at 460). The petitioner established that he had a loving and meaningful relationship with the children, who had lived with him and their mother before the mother became ill, and whom he continued to see during the period of the mother's illness when they visited the mother. After the mother's death, the petitioner promptly commenced this proceeding in order to continue that relationship, and also maintained telephone contact and communication with the older child via Facebook. The record does not support the contention of the father and the Attorney for the Children that the petitioner's motivation in commencing this proceeding was not to obtain visitation with the children, but to antagonize the father. Further, although the record demonstrated some animosity between the petitioner and the father, this is not a proper basis for denial of visitation to the petitioner (*see Matter of Seddio v Artura*, 139 AD3d 1075, 1077 [2016]; *Matter of Gort v Kull*, 96 AD3d at 843). Finally, to the extent that the father and the attorney for the children opposed the petition due to the petitioner's refusal to share a visitation period with his former spouse, it was unreasonable for them to insist that the petitioner do so.

Accordingly, we reverse the order dismissing the petition and remit the matter to the Family Court, Queens County, for a continued fact-finding hearing to determine whether visitation with the petitioner would be in the best interests of the children and for a new determination of the petition thereafter. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.