Matter of Gansburg v Behrman (2018 NY Slip Op 08650)





Matter of Gansburg v Behrman


2018 NY Slip Op 08650


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-07465
2017-07467
 (Docket No. V-7113-15/15A/15B/16B)

[*1]In the Matter of Joseph J. Gansburg, appellant,
v
Baila Rivkah Behrman, respondent.


Larry B. Margolis, Brooklyn, NY, for appellant.
Beth E. Goldman, New York, NY (Amanda M. Beltz of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Chai Park and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from two orders of the Family Court, Kings County (Maria Arias, J.), both dated June 19, 2017. The first order, in effect, granted that branch of the mother's motion, made at the close of the father's case, which was to dismiss his petition to modify the parental access provisions of the parties' judgment of divorce. The second order, in effect, granted that branch of the mother's motion, made at the close of the father's case, which was to dismiss his amended petition to modify the custody provisions of the parties' judgment of divorce.
ORDERED that the orders are affirmed, without costs or disbursements.
The parties, who are the parents of the subject child, divorced in 2013. The father subsequently commenced related proceedings to modify the custody and parental access provisions of the parties' judgment of divorce. The matters proceeded to a hearing, and the Family Court, at the close of the father's case, in effect, granted the mother's motion to dismiss the father's petitions based on the father's failure to establish a prima facie case of a change of circumstances which might warrant modification of the relevant provisions of the judgment of divorce. The father appeals.
" An order of custody or [parental access] may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to ensure the best interests of the child'" (Matter of Bacchus v McGregor, 147 AD3d 1049, 1050, quoting Matter of C.H. v F.M., 130 AD3d 1028, 1028). "Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence'" (Matter of Dambakly v Patire, 301 AD2d 600, 602, quoting People v Davis, 43 NY2d 17, 27).
Here, the Family Court providently exercised its discretion in precluding the father from presenting testimony from a psychiatrist, as there was no indication that the psychiatrist's [*2]testimony would have been relevant to the issue of changed circumstances, the threshold issue in the case (cf. Matter of Cavalry v Simpson, 145 AD3d 885; Matter of Rockland County Dept. of Social Servs. v Brian McM., 193 AD2d 121). The father, through his attorney, indicated only that the psychiatrist was a trauma expert and that the psychiatrist had determined that the child had been "traumatized." However, the father had not alleged in any of his pleadings that the child had been traumatized or that this alleged trauma constituted a change in circumstances necessitating a modification of custody or parental access. Nor did the father or his attorney specify the nature of the alleged trauma or how it related to the mother's custody of the child or the father's parental access with the child. The father's vague allegations of trauma, with no apparent connection to the existing custody and parental access arrangements, did not demonstrate that the psychiatrist's testimony would be relevant to the issue of whether there was "a subsequent change of circumstances such that modification is required to ensure the best interests of the child" (Matter of Bacchus v McGregor, 147 AD3d at 1050 [internal quotation marks omitted]).
The father's remaining contention is without merit.
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court