■ In the Matter of DORYCE WHITENER, Respondent, v. LEONARD WHITENER, Appellant.— In a proceeding for support pursuant to article 4 of the Family Court Act, respondent-husband appeals from an order of the Family Court, Kings County, entered March 23, 1971, which denied his motion to vacate a prior support order dated July 11, 1969 or for alternative relief. Order reversed, on the law and in the exercise of discretion, without costs; and motion granted so as to vacate the order of July 11, 1969 and grant a new trial. The questions of fact have not been considered. Appellant appeared *pro se* at the hearing culminating in the support order of July 11, 1969. After a rather perfunctory, but perhaps adequate, statement to appellant about his right to counsel (cf. *Matter of Silvestris* v. *Silvestris,* 24 A D 2d 247), and his acquiescence to an immediate hearing, the court below proceeded to question the parties. In the course of the short hearing, with all of the questioning done by the court, it became apparent that there might be an issue as to whether

the wife had abandoned appellant many years earlier and whether she might thus have forfeited her right to support by him on a means basis (see *Levy* v. *Levy,* 22 A D 2d 794; *Rosa* v. *Rosa,* 275 App. Div. 1050). This issue was not explored in depth by the court; and appellant was at no time advised of his right to cross-examine his wife and produce witnesses to rebut her assertions. Under these circumstances, we believe appellant did not get an adequate hearing and "was not accorded his statutory right, granted him by section 433, of an 'opportunity to be heard and to present witnesses'" (*Matter of Silvestris* v. *Silvestris, supra,* p. 250). Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.