■ LONG ISLAND RAIL ROAD COMPANY, Appellant, v NORTHVILLE INDUSTRIES CORP., Respondent.—In an action on a contract, plaintiff appeals from (1) an order of the Supreme Court, Queens County, dated February 13, 1975, which (a) denied its motion for disclosure and (b) denied in certain respects, plaintiff's motion for disclosure and (2) so much of a further order of the same court, dated March 24, 1975, as, upon reargument with respect to its motion for disclosure, adhered to the original determination. Appeal from the order dated February 13, 1975 dismissed as academic, without costs, insofar as it granted, in certain respects, defendant's motion for partial summary judgment. To such extent that order was superseded by the order made on reargument. Order dated February 13, 1975, insofar as it was not superseded by the order made on reargument, modified by (1) deleting from the third decretal paragraph thereof the word "granted" and substituting therefor the word "denied" and (2) deleting from the fourth decretal paragraph thereof the words "as moot". As so modified, order affirmed insofar as reviewed, without costs. Order dated March 24, 1975 affirmed insofar as appealed from, without costs. Under paragraph 21 of the contract in question, plaintiff cannot recover damages of more than the "guaranteed minimum of $20,000 per year." However, since we believe the doctrine of anticipatory breach is applicable here, and since the contract sufficiently provided for the payment of compensation during its last 10 years, plaintiff is not limited to the damages which allegedly accrued prior to the commencement of this action. We note our agreement with Special Term's denial of plaintiff's motion for disclosure. Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur.

■ EMIL LO PRESTI et al., Appellants, v MARGARET LO PRESTI, Respondent.—In a habeas corpus proceeding pursuant to section 72 of the Domestic Relations Law to determine the visitation rights of the petitioner grandparents, petitioners appeal from a judgment of the Family Court, Orange County, dated September 5, 1975, which, after a hearing, *inter alia* dismissed the proceeding. Judgment reversed, on the law, without costs, writ sustained, and matter remanded to the Family Court for further proceedings consistent herewith. Animosity between the mother of the children and their grandparents is not a proper basis for the denial of visitation privileges to the grandparents; nor is it a proper yardstick by which to measure the best interests of the children. Accordingly, the instant writ should have been sustained. We have remanded the matter to the Family Court to fix the visitation privileges of the grandparents. Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur.