■ In the Matter of GABRIEL VACULA et al., Appellants, v CAROLYN JAMES BLUME, Respondent.—In a habeas corpus proceeding pursuant to section 72 of the Domestic Relations Law to determine the visitation rights of the petitioner grandparents, they appeal from an order of the Supreme Court, Nassau County, entered February 18, 1976, which, after a hearing, dismissed the proceeding. Order reversed, on the law and the facts, without costs or disbursements, writ sustained, and matter remanded to Special Term for further proceedings consistent herewith. "Animosity between the mother of the children and their grandparents is not a proper basis for the denial of visitation privileges to the grandparents; nor is it a proper yardstick by which to measure the best interests of the children" (Lo Presti v Lo Presti, 51 AD2d 578). "Visits with a grandparent are often a precious part of a child's experience and there are benefits which devolve upon the grandchild from the relationship with his grandparents which he cannot derive from any other relationship. Neither the Legislature nor this Court is blind to human truths which grandparents and grandchildren have always known" (Mimkon v Ford, 66 NJ 426, 437). Accordingly, the instant writ should have been sustained. We remand the proceeding to Special Term to fix (1) the visitation privileges of the grandparents and (2) the conditions for the exercise thereof. Martuscello, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENNIFER CURTIS, Appellant.—Judgment of the Supreme Court, Queens County, rendered November 12, 1973, affirmed (see People v Valentine, 17 NY2d 128). Hopkins, Acting P. J., Latham, Cohalan, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DILLAHUNT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 19, 1974, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed (see People v Garrett, 43 AD2d 503, affd. 36 NY2d 727). On the record in this case, defendant was not deprived of the effective assistance of counsel. The sentence was not excessive. Martuscello, Acting P. J., Cohalan, Margett, Damiani and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MERRIMAN, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the County Court, Rockland County, imposed July 30, 1974, upon his conviction of criminal sale of a controlled substance in the third degree, upon his plea of guilty, the sentence being an indeterminate term of two and one-half years to life. Sentence affirmed. The imposition of a mandatory life sentence is constitutional (see People v Broadie, 37 NY2d 100). Martuscello, Acting P. J., Cohalan, Margett, Damiani and Hawkins, JJ., concur.