■ BERNARD R. LANG et al., Respondents, v ABBOTT LABORATORIES, Appellant.—In a products liability action, the defendant appeals from so much of an order of the Supreme Court, Queens County, dated May 20, 1976, as (1) granted the plaintiffs' motion to compel the defendant to submit to an examination before trial and to produce certain documents thereat and (2) denied its cross motion to limit and terminate all discovery proceedings. Order affirmed insofar as appealed from, with $50 costs and disbursements. Any agreement that the plaintiffs' attorney may have entered into with the attorney for the defendant, not to seek further disclosure, was apparently the result of his mistaken belief that certain information which was essential to his clients' case was otherwise available. Under the circumstances presented herein, this is not a sufficient reason for depriving the plaintiffs of their right to full disclosure (see *Matter of Frutiger,* 29 NY2d 143). Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.

■ EMIL LO PRESTI et al., Appellants, v MARGARET LO PRESTI, Respondent.—In a habeas corpus proceeding pursuant to section 72 of the Domestic Relations Law to determine the visitation rights of the petitioner grandparents, petitioners appeal from a judgment of the Family Court, Orange County, dated September 5, 1975, which, after a hearing, *inter alia,* dismissed the proceeding. By order dated January 26, 1976, this court reversed the judgment, on the law, sustained the writ, and remanded the proceeding to the Family Court to fix the visitation privileges of the grandparents. On July 13, 1976, the Court of Appeals reversed the order of this court and remitted the case to this court for review of the facts *(Lo Presti v Lo Presti,* 51 AD2d 578, revd 40 NY2d 522). Judgment affirmed, without costs or disbursements. Upon our review of the facts in this proceeding, the denial of visitation to the grandparents was not an abuse of discretion. Gulotta, P. J., Latham, Margett and Damiani, JJ., concur.