■ RENA WEISMAN, Respondent, v JOSEPH WEISMAN, Defendant, and SAMUEL WEISMAN et al., Appellants. (Appeal No. 1.) In the Matter of SAMUEL WEISMAN et al., Appellants, v RENA WEISMAN, Respondent. (Appeal No. 2.) — The appeals are from (1) so much of an order of the Family Court, Kings County (Deutsch, J.), dated August 3, 1983, as declined to exercise jurisdiction over a proceeding by the paternal grandparents, pursuant to section 651 of the Family Court Act, for visitation with their grandchildren; (2) an order of the same court (Deutsch, J.), dated December 8, 1983, which, *inter alia,* dismissed

the proceeding; and (3) so much of an order of the Supreme Court, Kings County (Duberstein, J.), dated November 7, 1983, as, in a matrimonial action between the parents of the grandchildren, denied the motion of the paternal grandparents for consolidation of their visitation proceeding with the matrimonial action.

Appeal from the order of the Family Court dated August 3, 1983 dismissed, without costs or disbursements. Any right of direct appeal from that order terminated with the execution of the final order of disposition of the Family Court dated December 8, 1983 (*Matter of Aho,* 39 NY2d 241, 248).

Order of the Supreme Court dated November 7, 1983, reversed, without costs or disbursements, and case remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

Appeal from the order of the Family Court dated December 8, 1983 dismissed as academic, without costs or disbursements, in view of the determination with respect to the order dated November 7, 1983.

The Supreme Court declined to consider the grandparents' application for visitation on the ground of *res judicata.* However, the prior determination concerning visitation was made after a hearing to which the grandparents were not parties and did not participate, although they were granted the right, in a pending matrimonial action, to supervise their son's visitation with their grandchildren. Consequently, the grandparents have not had a full and fair hearing as to their right, if any, to independent visitation, and *res judicata* is not applicable (see *Schwartz v Public Administrator,* 24 NY2d 65).

This court has stated that " '[v]isits with a grandparent are often a precious part of a child's experience and there are benefits which devolve upon the grandchild * * * which he cannot derive from any other relationship' " (*Matter of Vacula v Blume,* 53 AD2d 633, citing *Mimkon v Ford,* 66 NJ 426, 437; *Matter of Ehrlich v Ressner,* 55 AD2d 953). The related matrimonial action has been pending since June 2, 1980, and a note of issue was filed on October 29, 1984. In accordance with the grandparents' right to assert visitation rights with their grandchildren (Domestic Relations Law, § 72; *Lo Presti v Lo Presti,* 40 NY2d 522, on remand 54 AD2d 582; Family Ct Act, § 651), and with due regard to the interests of economy of the time and expense of the court and the parties (see *Grossbardt v Grossbardt,* 95 AD2d 705) we direct that the matrimonial action be tried forthwith, and the grandparents' application for visitation be heard at the trial. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.