■ LEILLA KAMPF et al., Respondents, v FRANCINE WORTH, Appellant. — In a proceeding to enforce prior orders which awarded petitioners visitation with their granddaughter, the mother appeals from an order of the Family Court, Westchester County (Barone, J.), entered March 20, 1984, which, *inter alia,* held her in contempt.

Order affirmed, with costs.

It is clear from the record that appellant, the child's mother, continuously and consistently withheld visitation from petitioners, the paternal grandparents of the child, in flagrant disregard of numerous Family Court orders (*see, Matter of Milton v Dennis,* 99 AD2d 565). The finding of contempt and imposition of the statutory fine (*see,* Judiciary Law § 773) were proper, in light of appellant's conceded failure and refusal to comply with the terms of outstanding court orders.

Even if appellant believed that the prior orders were erroneous, she was obligated, in the absence of a stay, to obey the court's mandate, until the orders were vacated or reversed (*see, Matter of Balter v Regan,* 63 NY2d 630; *Margulies v Margulies,* 42 AD2d 517, *appeal dismissed* 33 NY2d 894). Moreover, "the mere act of disobedience, regardless of its motive, is sufficient to sustain a finding of civil contempt if such disobedience defeats, impairs, impedes or prejudices the rights of a party" (*Great Neck Pennysaver v Central Nassau Pubs.,* 65 AD2d 616, 616-617; Judiciary Law § 753 [A] [3]). Petitioners' rights clearly were impeded by appellant.

It would be inequitable to deprive petitioners of the pleasure of their granddaughter's company merely because of the animosity which exists between them and the mother of the child (*see, Matter of Vacula v Blume,* 53 AD2d 633; *Matter of Layton v Foster,* 61 NY2d 747, 750). It would also be fundamentally unfair, as well as contrary to the administration of justice, to permit appellant to justify her noncompliance based on advice from experts, especially where the court explicitly rejected the testimony proffered by those experts.

We have reviewed appellant's other contentions and find them to be without merit. Titone, J. P., Thompson, O'Connor and Eiber, JJ., concur.