■ In the Matter of ROGER MARALLO et al., Respondents, v JOAN MARALLO, Appellant.—In a contempt proceeding to enforce a prior order which awarded the petitioners temporary visitation with their grandchildren, the mother of the children appeals from a judgment of the Family Court, Westchester County (Bellantoni, J.), dated June 18, 1986, which found her in contempt of court and directed that she be incarcerated on the first and third weekends of each month for a period of six months, commencing on June 21, 1986. (We deem the notice of appeal from an order dated June 16, 1986 to be a premature notice of appeal from the judgment.)

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to the first and third weekends of each month for a period of three months, and as so modified, the judgment is affirmed, without costs or disbursements.

Contrary to the mother's present contentions, we discern no error in the Family Court's finding that she committed civil contempt in repeatedly and intentionally violating its temporary orders of visitation in favor of the petitioners (see, Gordon v Janover, 121 AD2d 599; Kampf v Worth, 108 AD2d 841; Matter of Milton v Dennis, 99 AD2d 565; see generally, Matter of McCormick v Axelrod, 59 NY2d 574, amended 60 NY2d 652; Entwistle v Entwistle, 61 AD2d 380, appeal dismissed 44

NY2d 851). The record clearly reveals that the mother deliberately and knowingly prevented the paternal grandparents from visiting with the children, despite the fact that she initially consented to such interim visitation. However, under the circumstances of this case, we conclude that the punishment imposed was excessive to the extent indicated.

Insofar as the mother now claims that she has purged herself of the contempt by permitting visitation (see, Judiciary Law § 774), we note that the record before us contains no evidence of such compliance with the Family Court's orders. Hence, the mother should present this argument to the Family Court for a determination of whether she has in fact purged herself of her prior misconduct.

Similarly unavailing is the mother's contention that the court erred in granting temporary visitation in favor of the petitioners. There is no evidence in the record to indicate that such visits pending a hearing and determination of the request for permanent visitation are not in the best interests of the children, nor did the mother advance any concrete reasons against temporary visitation to the Family Court. As such, the court's ordering visitation did not constitute an abuse of discretion (see, Matter of Lyng v Lyng, 112 AD2d 29), and the mother may present any evidence concerning the impact of such visitation upon the children at the hearing on the petition for permanent visitation. Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.