■ ROBERT K. YOUNG, Appellant, v BARBARA M. YOUNG, Respondent.—In a matrimonial action in which the defendant moved to punish the plaintiff for contempt for violation of a prior court order, which, pursuant to a stipulation entered into by the parties, inter alia, awarded the defendant visitation with her son, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated June 27,

1986, which, *inter alia,* after a hearing, found him guilty of contempt and directed his incarceration for a period of six months.

Ordered that the order is modified, by (1) deleting the reference to Judiciary Law § 750 from the second decretal paragraph thereof, (2) deleting the third decretal paragraph thereof and substituting therefor a provision directing the incarceration of the plaintiff for a definite period of 15 days, and (3) adding a provision imposing a $250 fine upon the plaintiff; as so modified, the order is affirmed, with costs payable by the plaintiff. The plaintiff's time to pay the $250 fine is extended until five days after service upon him of a copy of this decision and order, with notice of entry.

We find, based upon an independent review of the record, that the plaintiff was properly adjudged to be in civil contempt *(see,* Judiciary Law § 753). The testimony adduced at the hearing clearly established that the plaintiff's disobedience of the prior order awarding the defendant visitation frustrated and impeded the defendant's right to visit with her son *(see,* Judiciary Law § 753 [A] [3]; *Gordon v Janover,* 121 AD2d 599; *Kampf v Worth,* 108 AD2d 841, 842). We find no merit to the plaintiff's contention that he was precluded from presenting his son's testimony at the hearing.

However, we cannot sanction the six-month term of imprisonment. We find that a more appropriate punishment is a definite term of imprisonment of 15 days and the imposition of a $250 fine *(see,* Judiciary Law §§ 773, 774 [1]). While the plaintiff claims that he should be given an opportunity to purge himself of his contempt, he cannot purge himself as to the days of visitation already lost to the defendant. Therefore, a definite term of imprisonment is appropriate under the circumstances *(see, Matter of Marallo v Marallo,* 128 AD2d 710; *cf., N. A. Dev. Co. v Jones,* 99 AD2d 238, 240-241).

We have considered the plaintiff's other contentions and find that they do not warrant any further modification of the challenged order. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.