■ Louis Fuerst, Appellant-Respondent, v Judith Fuerst, Respondent-Appellant.—In a matrimonial action in which the parties were divorced by judgment dated September 9, 1981, (1) the plaintiff father appeals from stated portions of an order of the Supreme Court, Nassau County (Morrison, J.), dated September 30, 1985, which, *inter alia,* after a hearing, granted those branches of the defendant wife's cross motion which were to suspend his visitation and to direct him to resume payment of child support and maintenance and granted that branch of his motion which was to cancel certain arrears of child support and maintenance only to the extent of canceling child support arrears accruing after January 6, 1983; and (2) the defendant mother cross-appeals from stated portions of the same order, which, *inter alia,* granted those branches of the plaintiff's motion which were to adjudicate her guilty of contempt and to cancel child support arrears and denied that branch of her cross motion which was for counsel fees.

Ordered that the order is modified, on the law, the facts, and as an exercise of discretion, by (1) deleting the provision thereof suspending the father's visitation rights set forth in a certain stipulation entered into on January 6, 1983, and (2) adding a provision thereto canceling any arrears in maintenance which accrued from January 6, 1983 until the day he was directed to resume child support and maintenance payments; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new hearing as to when, and under what circumstances, visitation should resume, which hearing shall be conducted with all convenient speed.

Contrary to the mother's contentions on her cross appeal, we find that she was properly adjudged to be in civil contempt of a lawful mandate of the court under Judiciary Law § 753.

We find no merit to the mother's claim that the January 6, 1983 stipulation of the parties read into the record in open

court cannot provide the basis for her adjudication of contempt. The court's "so order[ing]" the stipulation without objection, pursuant to the request of the father's attorney, dispensed with the necessity for a written order to be served with notice of entry. As stated in the case of *Matter of Wiggins v Ithaca Journal News* (57 Misc 2d 356, 363), "[t]he fact that an oral direction was given in open court has been held to be just as binding upon those who heard it as if it were written" *(cf., Gingold v Gingold,* 48 AD2d 623). We also noted that under an earlier order of the same court dated June 10, 1982 (Becker, J.), provision was also made with respect to scheduling certain visitation by the father with the infant children.

Based upon the evidence adduced at the hearing, the trial court properly concluded that the mother willfully and repeatedly impeded the father's right to visit with his daughters, who were at the time of the hearing aged 11 years old and almost 13 years old, respectively *(see, Young v Young,* 129 AD2d 794). Despite this finding of contempt, based upon the apparent psychological damage suffered by the children occasioned by the mother's bitterness to the father, we conclude that the hearing court properly exercised its discretion in refusing to impose a fine or term of imprisonment against the mother in view of its possible further detrimental impact upon the children.

However, we are of the view that, under the circumstances, the best interests of the children require a resumption of visitation, as soon as reasonably possible, under supervision at some neutral site *(see, Rubin v Rubin,* 95 AD2d 851, *appeal dismissed* 60 NY2d 964). In light of the more than two-year period since the time of the hearing under review, in order to properly determine the present circumstances of the parties and the children, and whether visitation should resume at this time, the hearing court should request a new investigation and psychological evaluation by the Nassau County Probation Department prior to a new hearing.

With respect to the cancellation of arrears as to child support, we reject the mother's contention that the amendment to Domestic Relations Law § 241, effective August 5, 1986 *(see,* L 1986, ch 892), subsequent to the issuance of the order appealed from, is applicable to this case, under the general rule that an appeal is to be decided in accordance with the law as it exists at the time the appellate court renders its decision. The recent amendment to Domestic Relations Law § 241 concerning the remedies to be imposed, in the

court's discretion, against a custodial parent who had wrongfully interfered with or withheld visitation rights, provides that "[n]othing in this section shall constitute a defense in any court to an application to enforce payment of child support or grounds for the cancellation of * * * child support" (L 1986, ch 892, § 7). McKinney's Consolidated Laws of NY, Book 1, Statutes § 51 (b), provides that as a general rule, "statutes are construed as prospective, unless the language of the statute, either expressly or by necessary implication, requires that it be given a retroactive construction". Moreover, "[w]here a statute by its terms directs that it is to take effect immediately, it does not have any retroactive operation or effect".

Under Laws of 1986 (ch 892, § 34), the amendment to Domestic Relations Law § 241 was to take effect "immediately" and there is no expression of legislative intent evident in the language of the statute that the amendment was to operate retroactively. Accordingly, in view of the evidence in the record supporting the hearing court's finding that the mother wrongfully interfered with and withheld the father's visitation rights, we find that the court properly exercised its discretion in canceling the arrears in child support, correctly applying the law as it existed at that time. Moreover, on this record, we find that the arrears in maintenance likewise should have been canceled. Mangano, J. P., Thompson, Kunzeman and Sullivan, JJ., concur.