■ CHRISTINE K. GUMA, Respondent, v ROBERT J. GUMA, Defendant. DOROTHY GUMA et al., Nonparty Appellants.—In an action for a divorce and ancillary relief, the paternal grandparents appeal (1) from an order of the Supreme Court,

Nassau County (Robbins, J.), dated October 31, 1986, which denied their motion for permission to intervene pursuant to CPLR 1013, and (2) from so much of an order of the same court, dated March 10, 1987, as awarded the plaintiff wife $2,000 in counsel fees payable by them.

Ordered that the order dated October 31, 1986 is reversed, on the law and in the exercise of discretion, without costs or disbursements, the motion for permission to intervene is granted, and the matter is remitted to a Justice other than the Justice who previously presided over this matter; and it is further,

Ordered that the order dated March 10, 1987 is reversed insofar as appealed from, on the law, without costs or disbursements, and the plaintiff's application for counsel fees payable by the appellants is denied.

There was evidence before the court of first instance which indicated that there was a genuine issue as to whether "extraordinary circumstances" existed which would warrant its considering if the best interests of the child would be served by granting custody to the appellants, the child's paternal grandparents (see, Matter of Bennett v Jeffreys, 40 NY2d 543, 548; Matter of Tyrrell v Tyrrell, 67 AD2d 247, 248, affd 47 NY2d 937; Matter of Scott L. v Bruce N., 126 AD2d 157; Matter of Nadia Kay R., 125 AD2d 674, 677, lv denied 69 NY2d 608). The appellants, thus, had a "real and substantial interest" in the outcome of the matrimonial action which gave them a sound basis for seeking to intervene (see, Matter of Norstar Apts. v Town of Clay, 112 AD2d 750, 751; Vantage Petroleum v Board of Assessment Review, 91 AD2d 1037, affd 61 NY2d 695; Plantech Hous. v Conlan, 74 AD2d 920, appeal dismissed 51 NY2d 862). The court's finding that because of the hostility between the plaintiff and the appellants, their participation in this action would "obfuscate" the issues, and "encumber" the proceeding, is not controlling. While the relationship between the appellants and the plaintiff is seemingly acrimonious, this is not unusual in custody disputes. Despite the apparent bitterness, the intervention of the appellants in this action would be likely to illuminate the court's understanding of the issue of custody, and would also be in the interest of judicial economy (cf., Weisman v Weisman, 107 AD2d 805, 806; Grossbardt v Grossbardt, 95 AD2d 705). Accordingly, it was error to deny the appellants permission to intervene in this action.

The court lacked inherent power to impose counsel fees

against the appellants for bringing what it believed to be a frivolous motion, and there was no statutory provision or court rule permitting the imposition of sanctions. Accordingly, the court's awarding counsel fees to the plaintiff payable by the appellants was improper (see, Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1; Claybourne v City of New York, 128 AD2d 667). In any event, the appellants' claim is not frivolous. Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.