OPINION OF THE COURT
Gerard E. Maney, J.
On May 19, 1999, petitioner, the biological father of Liam (born Mar. 13, 1994) and Faolain (born May 9, 1996), filed a petition for joint custody of and visitation with the children against respondent, the biological mother of the children. Subsequently, on October 25, 1999, petitioner filed a petition for violation of a temporary order of visitation which had been entered on August 30, 1999.
A motion was filed on November 16, 1999, by Anita BB., respondent’s former partner (hereinafter referred to as movant), who has resided with respondent and the children since their birth and who claims to have shared all custodial and parental duties with respondent throughout that time. Movant’s motion seeks an order pursuant to CPLR 1013 and Domestic Relations Law §75 et seq. granting her request to intervene in the custody proceeding.
CPLR 1013 grants the court discretionary authority to allow any person to intervene in an action “when a statute of the state confers a right to intervene in the discretion of the court, or when the person’s claim or defense and the main action have a common question of law or fact.” Movant argues that, pursuant to Domestic Relations Law § 75-j (1) (c)[2] and § 75-k, she qualifies as a person who must be joined as a party. The court does not agree.
Domestic Relations Law § 75-j (1) (c) requires the parties in a custody proceeding to advise the court if they are aware of any nonparty who has physical custody of the child or claims to have custody or visitation rights with respect to the child. If there is such a person, Domestic Relations Law § 75-k requires the court to join that person in the proceeding. In this case, the issue of custody arises between the biological parents of the children, one of whom has physical custody of her children and the other who exercises regular visitation with them. Movant is a not a parent and, although she may live with the children and provide financial and emotional support, she has no legal, blood or marital ties to them. Under these facts, the court finds no reason to conclude that she must be joined in this action.
*164 In any event, “[i]t is fundamental that a biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances” (Matter of Gray v Chambers, 222 AD2d 753, lv denied 87 NY2d 811; see, Matter of Bennett v Jeffreys, 40 NY2d 543, 544). The nonparent who seeks to challenge custody has the burden of proving that such extraordinary circumstances exist (see, Matter of Lynda A. H. v Diane T. O., 243 AD2d 24, 26, lv denied 92 AD2d 811). The best interests of the child are not considered until after such circumstances are shown (see, supra, at 26).
Here, movant does not allege that either parent has relinquished his or her superior right to custody. Nor does she allege that any other extraordinary circumstances exist. Rather, she seeks to intervene to ensure that the current custody arrangement continues. She states that “although she is seeking to intervene in this matter, [she] is not seeking to establish any rights at this time that are not coterminous with the rights of [respondent].” Absent any allegation that extraordinary circumstances exist, movant would have no standing to challenge custody and/or visitation (see, supra, at 26) and thus has no “ heal and substantial interest’ ” in the outcome of this matter sufficient to warrant the court in granting her intervention (Guma v Guma, 132 AD2d 645, 646). The motion is therefore denied.

. Although the papers cite Domestic Relations Law § 75-j (c), the court will assume that movant refers to section 75-j (1) (c).