■ In the Matter of JOSEPH A. MOSSO, Respondent, v RAQUEL C. MOSSO, Appellant. (And Another Related Proceeding.) [776 NYS2d 599]—

Cardona, P.J. Appeal from an order of the Family Court of Montgomery County (Jung, J.), entered February 20, 2003, which, inter alia, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to find respondent in violation of a prior order of visitation.

The parties are the parents of three unemancipated children. Since the parties' divorce there have been various proceedings regarding visitation with the children. In December 2001, the parties entered into a stipulation in Family Court resulting in an order finding respondent in contempt of court for willful violations of orders of visitation. Respondent was sentenced to six months' incarceration for the violations, however, Family Court suspended 5½ months contingent on respondent's compliance with the visitation orders. In June 2002, the parties entered into a further stipulation modifying petitioner's visitation with the children. During July and October 2002, petitioner filed two petitions alleging that respondent failed to comply with the terms of the June 2002 order. He alleged that respondent failed to permit the children to make phone calls to him, denied certain visitation and was consistently late for the visits.

In November 2002, Family Court held a fact-finding hearing at which respondent appeared without an attorney. Although she cross-examined petitioner and was called as a witness by the Law Guardian, respondent presented no evidence. Following proof, Family Court found respondent in willful violation of the order and scheduled a dispositional hearing. At that hearing, with respondent now represented by counsel, she and the Law

Guardian urged the court to impose financial sanctions instead of incarceration. Respondent's counsel pointed out that petitioner's visitation was further restricted since the prior proceedings due to a temporary order of protection.[1] Consequently, it was argued that incarcerating respondent would be detrimental to the children and would not result in an increase in petitioner's visitation. Family Court lifted the suspension of respondent's sentence and directed her to serve the $5^{1}/_{2}$ months on weekends.[2] Family Court's order was stayed by this Court pending determination of this appeal.

Upon review of this record, we conclude that respondent was not given an adequate opportunity to present evidence supporting her defense and, therefore, the matter must be remitted for a new hearing. It is true that respondent, as a pro se litigant, represented herself at her own risk and acquired no greater rights than other litigants (see Davis v Mutual of Omaha Ins. Co., 167 AD2d 714, 716 [1990]). Nevertheless, some latitude is appropriate, especially in a proceeding such as this where a pro se litigant wishes to present evidence in her defense, but is frustrated from doing so through her own "inexperience and lack of legal training" (id. at 714).

Specifically, we note that throughout her cross-examination of petitioner, respondent made several statements giving her contrary view of petitioner's testimony and attempted to confront petitioner with documentary proof that allegedly supported her defense, but was not offered into evidence. Family Court properly sustained an objection by petitioner's counsel, who noted that respondent could raise the information "on her own case." After petitioner rested, the following colloquy took place:

> "THE COURT: All right. [Respondent], the case is with you. Do you have any additional proof?
>
> "[RESPONDENT]: Just that on June 12th I did receive a, a—
>
> "THE COURT: No, do you have, do you have witnesses to call?
>
> "[RESPONDENT]: Oh. Oh, no. No, Your Honor.
>
> "THE COURT: Evidence to produce?

---

**1.** It was previously established at the November 2002 hearing that a home study concluded that petitioner's home was unsuitable for overnight visitations.

**2.** Additionally, Family Court imposed a second six-month sentence of incarceration which was suspended in exchange for respondent's future compliance with the court's visitation order.

"[RESPONDENT]: No. *I have myself*" (emphasis added).

The court assumed that respondent was resting her case without testifying and the Law Guardian then stated, *"I think, Your Honor, that [respondent] may have intended to take the stand."* Unfortunately, the issue was not pursued and the Law Guardian proceeded with his proof.

In our view, based upon respondent's answers to Family Court's questions and the statement from the Law Guardian, the court should have inquired further of respondent as to whether she, in fact, wanted to testify. Notably, due process requires that, in contempt proceedings, the contemnor be afforded "an opportunity to be heard at a meaningful time and in a meaningful manner" (16D CJS, Constitutional Law § 1425; *cf. Hickland v Hickland*, 56 AD2d 978, 979 [1977]; *Whitener v Whitener*, 37 AD2d 979 [1971]). While respondent's lack of clarity in her responses undoubtedly contributed to any confusion, simply, the proof does not support a conclusion that she knowingly waived her right to present a defense. Therefore, under the particular circumstances herein, we conclude that respondent should be given the opportunity to present her case and we remit the matter for an evidentiary hearing.

Given the above conclusions, it is unnecessary to consider the remaining argument that the penalty of incarceration was harsh and excessive under the circumstances (*see e.g. Fuerst v Fuerst*, 131 AD2d 426, 427 [1987]; *Young v Young*, 129 AD2d 794 [1987]; *Matter of Marallo v Marallo*, 128 AD2d 710 [1987]; 21 NY Jur 2d, Contempt § 203).

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Montgomery County for a new hearing.

