■ In the Matter of ISABELLA PRINCIPATO et al., Respondents, v LOUIS LOMBARDI, Appellant. [798 NYS2d 71]—

In a proceeding pursuant to Domestic Relations Law § 72 for grandparent visitation, the father appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated July 24, 2003, as, after a hearing, granted the grandparents' petition for unsupervised visitation with the subject children, and (2) from an order of the same court dated November 20, 2003.

Ordered that the appeal from the order dated November 20, 2003, is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order dated July 24, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

The maternal grandparents commenced the instant proceeding seeking visitation with their grandchildren, despite the objections of the father. Grandparents have standing to bring such proceedings where "either or both of the parents . . . is or are deceased" or where "conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72 [1]; *see Matter of Emanuel S. v Joseph E.*, 78 NY2d 178 [1991]). The death of the children's mother provided the grandparents with automatic standing to seek visitation (*id.* at 181), but did not guarantee any such award (*see Matter of Gavrusinas v Melnichenko*, 305 AD2d 679 [2003]; *Matter of Apker v Malchak*, 112 AD2d 518, 519 [1985]).

The question of visitation, which involves a determination of

what is in the children's best interests, is left to the discretion of the court (*see Lo Presti v Lo Presti*, 40 NY2d 522, 527 [1976]). An essential part of this inquiry is whether a meaningful relationship exists between the petitioning grandparents and the children (*see Matter of Ziarno v Ziarno*, 285 AD2d 793 [2001]; *Matter of Seymour S. v Glen S.*, 189 AD2d 765 [1993]; *Matter of La Porte v Rivers*, 144 AD2d 861 [1988]).

Here, the Supreme Court providently exercised its discretion in determining that unsupervised visitation with the grandparents was in the best interests of the children (*see* Domestic Relations Law § 72). The grandparents established that they enjoyed a longstanding loving relationship with their grandchildren and that they had been a part of the children's daily lives before the dispute that gave rise to this litigation.

Since animosity between the children's father and the maternal grandparents is not a proper basis for the denial of visitation privileges to the grandparents, the Supreme Court properly granted the petition (*see Kampf v Worth*, 108 AD2d 841, 842 [1985]; *Matter of Lachow v Barasch*, 57 AD2d 896 [1977]; *Matter of Vacula v Blume*, 53 AD2d 633 [1976]). Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.