■ In the Matter of ESPERANZA WEIS et al., Respondents, v LORRAINE RIVERA et al., Appellants. [814 NYS2d 743]—

In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the mother and father appeal, as limited by their brief, from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), entered September 12, 2005, as, after a hearing, granted the petition.

Ordered that the order is affirmed insofar as appealed from, with costs or disbursements.

The Family Court providently exercised its discretion in declining to appoint a Law Guardian to represent the child (*see Richard D. v Wendy P.,* 47 NY2d 943, 944-945 [1979]; *Matter of Walker v Tallman,* 256 AD2d 1021, 1022 [1998]; *Nacson v Nacson,* 166 AD2d 510, 511 [1990]; *cf. Matter of Acosta v Acosta,* 259 AD2d 747 [1999]; *Koppenhoefer v Koppenhoefer,* 159 AD2d 113, 117 [1990]).

The petitioners, the subject child's maternal grandmother and stepgrandfather, commenced the instant proceeding seeking visitation with the grandchild, despite the objections of the child's parents. Grandparents have standing to bring such proceedings where "either or both of the parents . . . is or are deceased" or where "conditions exist which equity would see fit to intervene" (Domestic Relations Law § 72 [1]; *see Matter of Emanuel S. v Joseph E.,* 78 NY2d 178 [1991]). Here, the grandmother established that she made a sufficient effort to establish a relationship with the child (*see Matter of Emanuel S. v Joseph E., supra*). Accordingly, the grandmother established the requisite standing necessary for the Family Court to entertain the petition.

The question of visitation, which involves a determination of what is in the child's best interests, is left to the discretion of the court (*see Lo Presti v Lo Presti,* 40 NY2d 522, 527 [1976]). An essential part of this inquiry is whether a meaningful relationship exists between the petitioning grandparents and the child (*see Matter of Ziarno v Ziarno,* 285 AD2d 793 [2001]; *Matter of Seymour S. v Glen S.,* 189 AD2d 765 [1993]; *Matter of La Porte v Rivers,* 144 AD2d 861 [1988]).

The Family Court providently exercised its discretion in determining that visitation with the grandmother was in the best interests of the child (*see* Domestic Relations Law § 72). The grandmother and stepgrandfather established that they enjoyed a longstanding loving relationship with the subject child before the dispute that gave rise to this litigation.

Since animosity between the child's father and the petitioners is not a proper basis for the denial of visitation privileges to the grandmother, the Family Court properly granted the petition (*see Kampf v Worth,* 108 AD2d 841, 842 [1985]; *Matter of Lachow v Barasch,* 57 AD2d 896 [1977]; *Matter of Vacula v Blume,* 53 AD2d 633 [1976]). Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.