■ In the Matter of AMANDA SHERMAN, Appellant, v ELEANOR HUGHES, Respondent. (Proceeding No. 1.) In the Matter of

AMANDA SHERMAN, on Behalf of TYRELL SHERMAN, Appellant, v ELEANOR HUGHES, Respondent. (Proceeding No. 2.) [821 NYS2d 628]—

In two related proceedings pursuant to Family Court Act article 6 for grandparent visitation and postadoption sibling visitation, respectively, Amanda Sherman, the maternal grandmother, appeals from an order of the Family Court, Kings County (Goldstein, Ct. Atty. Ref.), dated July 21, 2005, which, after a hearing, denied her petition for visitation with the subject child Chyna, and denied her petition on behalf of Tyrell Sherman, Chyna's half brother, for visitation with Chyna, and Amanda Sherman, on behalf of Tyrell Sherman, appeals, as limited by her brief, from so much of the same order as denied the petition for his visitation with Chyna.

Ordered that the order is affirmed, without costs or disbursements.

"The question of visitation, which involves a determination of what is in the child's best interests, is left to the discretion of the court" (*Matter of Weis v Rivera,* 29 AD3d 812, 813 [2006]; *see Lo Presti v Lo Presti,* 40 NY2d 522, 527 [1976]). An essential part of this inquiry is whether a meaningful relationship exists between the petitioning grandparent and the child (*see Matter of Weis v Rivera, supra; Matter of Principato v Lombardi,* 19 AD3d 602, 603 [2005]). The testimony at the hearing established that there has been no contact between the subject child, Chyna, and the grandmother since June of 1998, when Chyna was only three years old. In addition, the testimony and report offered by a forensic expert at the hearing indicated that awarding visitation rights to the grandmother would "hinder the adoptive relationship" (*People ex rel. Sibley v Sheppard,* 54 NY2d 320, 328 [1981]). Thus, under the circumstances, the Family Court providently exercised its discretion in determining that visitation with the grandmother was not in Chyna's best interests.

Moreover, the record indicates that Chyna and her half brother, Tyrell, never had the opportunity to develop any familial relationship with each other. Therefore, the Family Court properly denied the petition for postadoption sibling visitation

(*see Matter of Justin H.,* 215 AD2d 180, 181 [1995]; *Matter of Hatch v Cortland County Dept. of Social Servs.,* 199 AD2d 765, 766 [1993]). Miller, J.P., Luciano, Rivera and Spolzino, JJ., concur.