■ In the Matter of JOHN POPPE et al., Respondents, v LAURA RUOCCO, Appellant. [830 NYS2d 287]—

In a proceeding pursuant to Family Court Act article 6, inter alia, for grandparent visitation, the mother appeals from an or-

der of the Family Court, Richmond County (Porzio, J.), dated December 1, 2005, which, after a hearing, granted that branch of the petition which was for visitation with the children.

Ordered that the order is affirmed, without costs or disbursements.

"The question of visitation, which involves a determination of what is in the child's best interests, is left to the discretion of the court" (*Matter of Weis v Rivera*, 29 AD3d 812, 813 [2006]; *see Lo Presti v Lo Presti*, 40 NY2d 522, 527 [1976]). An essential part of this inquiry is whether a meaningful relationship exists between the petitioning grandparents and the child (*see Matter of Weis v Rivera, supra*; *Matter of Principato v Lombardi*, 19 AD3d 602, 603 [2005]). The testimony at the hearing established that there was a meaningful relationship between the grandparents and the children. In addition, the testimony established that visitation would be in the children's best interests. Thus, under the circumstances, the Family Court providently exercised its discretion in granting visitation with the grandparents. Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.