■ In the Matter of CAROL STEINHAUSER, Appellant, v JEFFREY HAAS, Respondent. [837 NYS2d 660]—

In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the maternal grandmother appeals from an order of the Family Court, Suffolk County (Kelly, J.), dated May 24, 2005, which, after a hearing, denied her petition.

Ordered that the order is reversed, on the facts and as a matter of discretion, without costs or disbursements, the petition is granted, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

"When grandparents seek visitation under [Domestic Relations Law] section 72 (1), the court must undertake a two-part inquiry. 'First, [the court] must find standing based on death or equitable circumstances'; and 'if [the court] concludes that the grandparents have established the right to be heard, then it must determine if visitation is in the best interest of the grandchild' " (*Matter of E.S. v P.D.*, 8 NY3d 150, 157, quoting *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181 [1991]). "[T]he courts should not lightly intrude on the family relationship against a fit parent's wishes. The presumption that a fit parent's decisions are in the child's best interests is a strong one" (*Matter of E.S. v P.D., supra* at 157). "[W]hile . . . the problems created by parent-grandparent antagonism cannot be ignored, an acrimonious relationship is generally not sufficient cause to deny visitation" (*Matter of E.S. v P.D., supra* at 157). " 'The question of visitation, which involves a determination of what is in the child's best interests, is left to the discretion of the court' " (*Matter of Poppe v Ruocco*, 37 AD3d 608, 609 [2007], quoting *Matter of Weis v Rivera*, 29 AD3d 812, 813 [2006]; *see Lo Presti v Lo Presti*, 40 NY2d 522, 527 [1976]). "An essential part of this inquiry is whether a meaningful relationship exists between the petitioning grandparents and the child" (*Matter of Poppe v Ruocco, supra* at 609; *Matter of Principato v Lombardi*, 19 AD3d 602, 603 [2005]). The Family Court's determination concerning whether to award visitation " 'depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents' " (*Matter of Thomas v Thomas*, 35 AD3d 868, 869 [2006], quoting *Maloney v Maloney*, 208 AD2d 603, 603 [1994]; *see Matter of McMillian v Rizzo*, 31 AD3d 555, 555 [2006]). "Therefore, it should not be set aside unless it lacks a sound and substantial basis in the record" (*Matter of Thomas v Thomas, supra* at 869; *see Matter of Keylikhes v Kiejliches*, 25 AD3d 801, 801 [2006]).

Here, the death of the children's mother provided the maternal grandmother with automatic standing to seek visitation, although it did not guarantee any such award (*see* Domestic Relations Law § 72 [1]; *see also Matter of Principato v Lombardi, supra* at 602). The evidence established that the maternal grandmother enjoyed a meaningful relationship with the children. Additionally, the existence of animosity between the maternal grandmother and the father was not a proper basis for the denial of visitation to the maternal grandmother (*see Matter of Weis v Rivera, supra*). The Family Court improvidently exercised its discretion in finding that it was not in the best interests of the children to have any visitation with their maternal grandmother. We therefore remit this matter to the Family Court, Suffolk County, to set up a schedule of appropriate supervised visitation. Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.