■ In the Matter of Ileana C., Appellant, v Administration for Children's Services, Respondent. [866 NYS2d 65]—

Order, Family Court, New York County (Susan M. Doherty, Ref.), entered on or about April 11, 2007, which denied petitioner's application for grandparent visitation and dismissed the petition with prejudice, unanimously affirmed, without costs.

Petitioner failed to demonstrate that she had standing to pursue visitation and that visitation would be in the subject children's best interests (*see* Domestic Relations Law § 72 [1]; *Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]). Aside from one visit shortly after the children were placed in foster care, petitioner had no relationship with the children since the time they were 16 and 4 months old, respectively. As petitioner was unable to demonstrate a sufficient existing relationship with her grandchildren despite opportunities to foster one, she failed to show that conditions exist where "equity would see fit to intervene" (Domestic Relations Law § 72 [1]), and accordingly, she lacked standing to pursue visitation (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182-183 [1991]).

Furthermore, even assuming petitioner had standing, the evidence shows that the court properly determined that the children's best interests would be served by denying the petition. Petitioner lacked any meaningful relationship with the children and conceded that they would likely not recognize her and would think of her as a stranger (*see Matter of Sherman v Hughes*, 32 AD3d 959 [2006]). In addition to petitioner being unable to demonstrate that the children would gain any benefit from visiting with her, the evidence indicates that visitation with her might be harmful to the children because it would be confusing to them and could bring up issues of abandonment.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Lippman, P.J., Andrias, Saxe, Sweeny and DeGrasse, JJ.