■ In the Matter of DONNA BAKER, Respondent, v KEITH BLANCHARD, Respondent, and JACQUELINE YOUNGS, Appellant. (Proceeding No. 1.) In the Matter of KEITH R. BLANCHARD, Respondent, v JACQUELINE S. YOUNGS, Appellant. (Proceeding No. 2.) (And Another Related Proceeding.) [903 NYS2d 200]—

McCarthy, J. Appeal from an order of the Family Court of Cortland County (Ames, J.), entered July 13, 2009, which granted petitioners' applications, in three proceedings pursuant to Family Ct Act article 6, for visitation with the subject children.

Keith R. Blanchard (hereinafter the father) and Jacqueline S.

Youngs (hereinafter the mother) are the parents of two children (born in 2000 and 2004). The relationship between the mother and the father ended in October 2006 when the father was sentenced to prison until at least 2013. Although the mother had taken the children to visit him several times in the county jail prior to sentencing and once to a nearby state prison, those visits ceased in late 2006. Since that time, the children have had no meaningful contact with the father or Donna Baker, the paternal grandmother.

Baker filed a petition for visitation with the children and the father commenced two proceedings seeking visitation at the prison. The mother sought sole custody of the children, which Family Court granted. Following a hearing on the visitation petitions, the court granted Baker supervised visits one afternoon per month and granted the father supervised prison visits three times per year. The mother appeals.

Family Court's decision to grant prison visitation to the father was supported by a sound basis in the record. Courts presume that a child's best interests are promoted by visitation with a noncustodial parent, even one who is incarcerated, although the presumption may be overcome by substantial evidence that visitation would be detrimental to the child's welfare (*see Matter of Garraway v Laforet*, 68 AD3d 1192, 1193 [2009]; *Matter of Flood v Flood*, 63 AD3d 1197, 1198 [2009]). Family Court is entitled to deference in determining the propriety of visitation, and its findings will not be disturbed unless they lack a sound basis in the record (*see Matter of Flood v Flood*, 63 AD3d at 1198; *Matter of Edward S. v Moon*, 7 AD3d 834, 836 [2004]). The court here appropriately exercised its discretion by considering the totality of the circumstances and rendering a determination that is supported by the record.

Although the parents disputed most aspects of their relationship and the father's relationship with the children, he apparently lived with them for much of their lives prior to his incarceration and provided direct care for them at least some of the time. The children had a previous history of visiting the father while he was incarcerated. The father's relatives agreed to drive the children to visits. While the father had not had contact with the children for more than two years, the mother had a confidential address and the father testified that he had unsuccessfully attempted to locate her. The father had committed acts of domestic violence against the mother in the past, sometimes in the presence of at least one of the children, but the visits would be supervised by correction officers as well as Baker and one of two paternal aunts who were ordered to

terminate visitation if anything inappropriate occurred. The father had also completed several parenting and fatherhood classes in prison. Family Court noted in its bench decision that the older child was curious and would like to see his father. Considering all of the circumstances, the record supports the court's determination to grant supervised visits with the father in prison three times per year (*see Matter of Garraway v Laforet*, 68 AD3d at 1194).

Family Court did not err in granting visitation to Baker. She testified that she had contact with her grandchildren almost daily from the time that they were born until the father was incarcerated, and she accompanied the mother and children to the early jail and prison visits (*see Matter of Principato v Lombardi*, 19 AD3d 602, 603 [2005]; *compare Matter of Kenyon v Kenyon*, 251 AD2d 763, 763-764 [1998]). Baker further testified that she contacted the mother numerous times to arrange to see the children, but was rebuffed. Although the evidence raised some possible concerns about Baker being alone with the children, the court addressed those concerns by requiring one of her adult daughters to supervise the visitation. We cannot say that the court abused its discretion by granting Baker monthly supervised visits (*see Matter of Weis v Rivera*, 29 AD3d 812, 813 [2006]).

Peters, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.