Order, Family Court, New York County (George L. Jurow, J.H.O.), entered on or about October 13, 2010, which, after a hearing, denied the petition for grandparent visitation, unanimously reversed, on the law and the facts, without costs, and the matter remanded for a determination of whether it is in the subject child’s best interest to recommence visitation and contact with petitioner.
The Family Court erred in finding that petitioner, the child’s paternal grandmother, who lives in the State of Georgia, does not have standing based on equitable circumstances to seek visitation (see Domestic Relations Law § 72 [1]; Matter of Emanuel S. v Joseph E., 78 NY2d 178, 180 [1991]). The record establishes that although petitioner’s relationship with the subject child became sporadic after he turned two years old, when the relationship between the child’s parents deteriorated, petitioner traveled to New York on several occasions over the course of the following seven years and attempted to see the child, but was usually prevented from doing so by respondent mother.
Petitioner eventually filed the instant petition and the parties agreed in court in March 2010 to allow telephone calls and visits in New York. Some telephone contact ensued but when petitioner arrived in New York for a prearranged visit in July, respondent mother refused to allow the visit and cut off communication, alleging that petitioner was consorting with her son, the child’s father, who is also a named respondent, but who does not oppose the instant petition.
The acrimonious nature of the relationship between petitioner *667 and respondent is an insufficient basis upon which to determine that visitation is not in the child’s best interest (see e.g. Matter of E.S. v P.D., 8 NY3d 150, 157 [2007]; Matter of Weis v Rivera, 29 AD3d 812, 813 [2006]). Since more than a year has passed since contact was cut off by respondent, a new hearing must be held to determine whether it is in the child’s best interest to recommence visitation and/or contact with petitioner. Concur— Tom, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ.