■ In the Matter of Miriam Gonzalez, Appellant, v Stephanie Borbon et al., Respondents. [994 NYS2d 188]—

In a proceeding pursuant to Family Court Act article 6 and Domestic Relations Law § 72 for grandparent visitation, the paternal grandmother appeals from an order of the Family Court, Suffolk County (Kelly, J.), dated May 7, 2013, which, after a hearing, denied her petition for visitation with the subject child.

Ordered that the order is affirmed, with costs.

A court determining a petition for grandparent visitation must undertake a two-part inquiry. First, it must determine whether the grandparent has standing to petition for visitation rights (*see* Domestic Relations Law § 72 [1]; *Matter of E.S. v*

*P.D.*, 8 NY3d 150, 157 [2007]; *Matter of Waverly v Gibson*, 79 AD3d 897, 898-899 [2010]). If the grandparent establishes standing, the court must then determine whether visitation is in the best interests of the subject child (*see Matter of Steinhauser v Haas*, 40 AD3d 863, 864 [2007]). In making this second determination, "courts should not lightly intrude on the family relationship against a fit parent's wishes" (*Matter of E.S. v P.D.*, 8 NY3d at 157). Indeed, it is strongly presumed that a fit parent's decisions are in the child's best interests (*see id.*). Inasmuch as the Family Court's ultimate determination depends in large part on its assessment of the witnesses, that determination should not be set aside if it is supported by a sound and substantial basis in the record (*see Matter of Steinhauser v Haas*, 40 AD3d at 864).

Contrary to the grandmother's contentions, there is a sound and substantial basis in the record establishing that visitation with her at this time is not in the subject child's best interests (*see Matter of Pinsky v Botnick*, 105 AD3d 852, 855 [2013]; *Matter of Quinn v Heffler*, 102 AD3d 876 [2013]).

Further, under the circumstances of this case, it was not an improvident exercise of discretion to decline the grandmother's request to conduct an in camera interview of the subject child (*see Matter of Arroyo v Agosta*, 112 AD3d 920 [2013]; *Jean v Jean*, 59 AD3d 599, 600 [2009]; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]). Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.