Matter of Corey W. v Robin G. (2023 NY Slip Op 00428)

Matter of Corey W. v Robin G.

2023 NY Slip Op 00428

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2021-03381
 (Docket Nos. G-26400-15/16A, V-9086-16, V-9086-16/17a)

[*1]In the Matter of Corey W. (Anonymous), petitioner, 
v
Robin G. (Anonymous), et al., respondents. (Proceeding No. 1.)
In the Matter of Corey W. (Anonymous), petitioner,
v
Robin G. (Anonymous), et al., respondents. (Proceeding No. 2.)
In the Matter of Robin G. (Anonymous), petitioner-respondent,
v
Corey W. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 3.)

Joan N.G. James, Brooklyn, NY, for respondent-appellant.
Elliot Green, Brooklyn, NY, for petitioner-respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Robert D. Mulroy, J.), dated January 11, 2021. The order, insofar as appealed from, after a hearing, granted the maternal grandmother's petition for visitation with the subject child. 
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
Following the death of the subject child's mother, the child's maternal grandmother (hereinafter the grandmother) filed a petition seeking visitation with the child. After a hearing, the Family Court granted the grandmother's petition and awarded her certain periods of visitation with the child. The father appeals.
When a grandparent seeks visitation pursuant to Domestic Relations Law § 72(1), the court must make a two-part inquiry (see Matter of Kushner v Askinazi, 209 AD3d 735; Matter of Marchant v Marchant, 185 AD3d 1035, 1036). First, it must determine whether the grandparent has standing, based either on the death of a parent or on equitable circumstances (see Matter of E.S. v P.D., 8 NY3d 150, 157; Matter of Pinsky v Botnick, 105 AD3d 852, 854; Matter of Steinhauser v Haas, 40 AD3d 863, 864). "Where either parent of the grandchild has died, the grandparents have an absolute right to standing" (Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181). Once the [*2]court concludes that the grandparent has established standing to petition for visitation, the court must then determine whether visitation is in the best interests of the child (see Matter of E.S. v P.D., 8 NY3d at 157; Matter of Fitzpatrick v Fitzpatrick, 137 AD3d 784, 785). "[T]he court's determination concerning whether to award visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents and grandparents" (Matter of Hilgenberg v Hertel, 100 AD3d 1432, 1434 [internal quotation marks omitted]; see Matter of Steinhauser v Haas, 40 AD3d at 864; Matter of Thomas v Thomas, 35 AD3d 868, 869). This "determination concerning visitation will not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Hilgenberg v Hertel, 100 AD3d at 1434; see Matter of Troiano v Marotta, 127 AD3d 877, 879; Matter of Gonzalez v Borbon, 121 AD3d 895, 896).
Here, the death of the child's mother provided the grandmother with automatic standing to seek visitation (see Matter of E.S. v P.D., 8 NY3d at 157; Matter of B.S. v B.T., 148 AD3d 1029, 1031). Turning to the second part of the inquiry, the Family Court properly determined that visitation between the grandmother and the child was in the child's best interests. At the hearing, the grandmother established that she had helped the father take care of the child after the mother's death, and had been a part of the child's life to the present day (see Matter of E.S. v P.D., 8 NY3d at 157).
Accordingly, the Family Court properly granted the grandmother's petition for visitation with the child.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court