Agulnick v Agulnick (2024 NY Slip Op 03724)

Agulnick v Agulnick

2024 NY Slip Op 03724

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2021-07849
 (Index No. 202374/18)

[*1]Marc Agulnick, respondent,
v
Adrienne Agulnick, appellant.

Maria Schwartz, P.C., Garden City, NY, for appellant.
Law Offices of Kenneth J. Weinstein, P.C., Garden City, NY, for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals, by permission, from an order of the Supreme Court, Nassau County (Joseph R. Conway, J.), dated October 26, 2021. The order, after a hearing, adjudged the defendant to be in criminal contempt of court for failure to comply with an order of the same court dated October 25, 2021, and imposed a penalty of a period of incarceration of 30 days. By decision and order on motion dated December 6, 2021, this Court stayed enforcement of the order dated October 26, 2021, pending hearing and determination of the appeal.
ORDERED that the order dated October 26, 2021, is modified, on the facts and in the exercise of discretion, by reducing the penalty imposed from a period of incarceration of 30 days to a period of incarceration of time served and the imposition of a fine; as so modified, the order dated October 26, 2021, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith for the imposition of an appropriate fine.
The parties were married in July 2004 and have three children together. The plaintiff commenced this action for a divorce and ancillary relief in 2018. In an order entered June 23, 2021, the Supreme Court directed an in-patient psychological evaluation of the parties' oldest child (hereinafter the child), who was then 15 years old. Thereafter, the plaintiff moved, inter alia, to enroll the child into a therapeutic boarding school located in Maine. In an order dated October 25, 2021 (hereinafter the October 25 order), the court granted the motion and directed the defendant to bring the child to court the next day at 9 a.m., and to encourage the child to go with a transport team that was to take him to the school.
The next day, October 26, 2021, the defendant initially appeared in court without her attorney and the Supreme Court repeated its instructions to her. Shortly thereafter, that same morning, the case was recalled on the ground that the child was in the defendant's vehicle and had refused to go with the transport team; the defendant's attorney was present when the case was recalled. The court thereafter conducted a hearing during which it heard evidence from members of the transport team who testified that the defendant discouraged the child from cooperating with them. After the hearing, in an order dated October 26, 2021 (hereinafter the October 26 order), the court adjudged the defendant to be in criminal contempt of court for willfully disobeying the October 25 order and imposed a penalty of a period of incarceration of 30 days. By decision and order on motion dated December 6, 2021, this Court, inter alia, granted those branches of the defendant's [*2]motion which were for leave to appeal from the October 26 order and to stay enforcement of that order pending hearing and determination of the appeal.
The purpose of criminal contempt is to vindicate the authority of the court (see Matter of Figueroa—Rolon v Torres, 121 AD3d 684, 685), and to punish the contemnor for disobeying a court order (see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 239). The imposition of punishment for criminal contempt requires proof beyond a reasonable doubt that the alleged contemnor willfully violated a clear and unequivocal court mandate (see Rush v Save My Home Corp., 145 AD3d 930; Matter of Rubackin v Rubackin, 62 AD3d 11, 15). Here, the evidence before the Supreme Court was sufficient to support a finding, beyond a reasonable doubt, that the defendant willfully disobeyed the October 25 order, a clear and unequivocal mandate of the court, by discouraging the child from cooperating with the transport team (see Judiciary Law § 750[A][3]).
The defendant's remaining contentions regarding the adjudication of contempt are either without merit or unpreserved for appellate review.
Accordingly, the Supreme Court properly adjudged the defendant to be in criminal contempt of court for willfully disobeying the October 25 order.
Nonetheless, under the circumstances of this case, we conclude that the penalty imposed was excessive to the extent indicated herein (see Matter of Marallo v Marallo, 128 AD2d 710, 711), and we remit the matter to the Supreme Court, Nassau County, for the imposition of an appropriate fine, upon a hearing and determination of the amount to be imposed.
DUFFY, J.P., FORD, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court