Stanley Gartenstein, J.
In the within family offense proceeding, the court is met with a purported "stay” of its proceedings issued by the Supreme Court of Kings County in a matrimonial action pending therein between the same parties. The "stay” purports to be directed to the court itself rather than to the litigants.
The facts are uncomplicated and might almost be characterized as a modus operandi by counsel in matrimonial proceedings.
On September 15, 1976, the petitioning wife herein appeared with counsel in this court requesting a temporary order of protection. The petition contained the following allegation: "That on or about the 20th day of August, 1976, at the marital Home the respondent did assault Petitioner, (spouse) of said Respondent, in that said Respondent did rip her slacks off, picked her up and threw her to the floor. He bit her on the right buttock, slapped her in the face and neck, pushed her down on the floor and picked up a large potted palm tree and threw it at her. She ran out of the house onto the lawn and Respondent pushed her into a tree and into bushes. During the assault, the parties 13 year old tried to stop Respondent, he flung her violently into a chair. Petitioner states there have been several other assaults on Petitioner, some involving assault on the children. Petitioner is afraid to return home and is staying with a friend with the 3 children.”
Based upon unilateral testimony by petitioner, a temporary order of protection was issued. Obviously, with only one party before the court, an underlying finding was necessary that the *726 wife was in immediate and grave impending danger requiring the court’s intervention on an ex parte basis. (See Family Ct Act, § 828.) The plenary hearing on the petition for a final order of protection was returnable on November 18, 1976 at which time neither party appeared. Rather, the court was handed an order of the Supreme Court of Kings County entered on the 16th day of November, 1976 "staying” all proceedings herein.
Proceedings in a court of competent jurisdiction are the absolute right of every litigant seeking its aid and it is axiomatic that no person, regardless of the merit or lack of it of his cause of action, may be denied the right to be heard. Moreover, it escapes this court how the Supreme Court, as a court of original jurisdiction can undertake to act as an appellate court over this one. Even more crucial to the orderly administration of justice, it is most puzzling that the Supreme Court purports to "stay” this court when the court itself is not a litigant before the Supreme Court; when no writ of prohibition has been brought or granted; and when in fact the "stay” is an order directed, without jurisdiction, to the only court in which exclusive original jurisdiction has been vested by statute (Family Ct Act, § 812). The court is unaware of any theory in Matter of Seitz v Drogheo (21 NY2d 181) or Kagen v Kagen (21 NY2d 532) by virtue of which the Court of Appeals holding that the Supreme Court may also take jurisdiction, may be construed to remove the exclusive original jurisdiction of this court.
Finally, even were a writ of prohibition properly before the Supreme Court, the law is clear that prohibition is an extraordinary remedy which "lies only * * * when, a court * * * acts or threatens to act without jurisdiction in a matter of over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction” (Matter of State of New York v King, 36 NY2d 59, 62). The reasoning by which it might conceivably be argued that this court which has been granted exclusive original jurisdiction has no jurisdiction whatsoever escapes it. (See, also, Matter of Roberts v County Ct. of Wyoming County, 34 NY2d 246, 248, in which it was held that prohibition is unavailable if there is an adequate remedy by way of appeal; and Matter of Koeppel v Judges of Family Ct., 44 Misc 2d 799, applying this principle to proceedings involving protective orders.)
*727 The "stay” is accordingly regarded as a legal nullity. The parties herein, having failed to appear, these proceedings are dismissed for failure to prosecute.
One final word of caution is appropriate to the bar without in any way criticizing counsel herein who have in no way abused the process of this court in this particular case. Obviously the opportunities for abuse of the statute permitting the issuance of temporary orders of protection on the unilateral testimony of a petitioner who may have a substantial axe to grind, are many. If the bar is to maintain credibility before this court, it is incumbent upon the individual practitioner to use these proceedings where necessary rather than as a wedge to gain advantage in matrimonial proceedings pending elsewhere. The duties of candor with the court and of maintaining respect for its authority are imposed by the Code of Professional Responsibility. It is sufficiently unfortunate that the Legislature still sees fit to maintain split jurisdiction between this court and the Supreme Court. It would be more unfortunate if the court were to allow counsel to further compound this confused state of affairs. If a matter is to be litigated in the Supreme Court, so be it. If counsel themselves waste their own resources as well as the court’s in proceedings which exacerbate these splits rather than move litigation to conclusion on its merits, nothing is accomplished other than a squandering of precious time and effort.