# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**204**
**CAF 10-00946**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF NICOLE J.R.,
PETITIONER-APPELLANT,

V                                                                          MEMORANDUM AND ORDER

JASON M.R., RESPONDENT-RESPONDENT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR PETITIONER-APPELLANT.

JASON M. RADUNS, RESPONDENT-RESPONDENT PRO SE.

CHARLES PLOVANICH, ATTORNEY FOR THE CHILDREN, ROCHESTER, FOR SAMANTHA
C.R. AND REESE J.R.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Orleans County (James
P. Punch, J.), entered September 22, 2009 in a proceeding pursuant to
Family Court Act article 6. The order, among other things, modified
the terms of petitioner's visitation.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner mother commenced this Family Court Act
article 6 proceeding seeking to modify the visitation provision of an
order by awarding her, inter alia, monthly visitation with the
parties' two children at the correctional facility where she is
presently incarcerated. The mother subsequently filed a second
petition alleging that the father had violated a temporary order of
visitation (violation order) issued while the modification petition
was pending. After a hearing, Family Court granted the first petition
in part by awarding the mother six supervised visits per year with the
children at the correctional facility, and the court in addition
determined that the children are prohibited from having any further
contact with their stepfather (visitation order). In a separate
order, the court dismissed the mother's second petition. As a
preliminary matter, we note that the notice of appeal recites an
incorrect entry date of the visitation order and instead recites the
date on which the violation order was entered. Nevertheless, we
exercise our discretion to treat the notice of appeal as validly taken
from the visitation order inasmuch as all of the mother's contentions
on appeal concern that order (*see generally* CPLR 5520 [c]; *Foye v
Parker*, 15 AD3d 907). We likewise excuse any defect in the manner in
which the notice of appeal was served and treat the appeal as timely
taken pursuant to CPLR 5520 (a) (*see generally Dalton v City of*

*Saratoga Springs*, 12 AD3d 899, 899-900).

With respect to the merits of the visitation order, we reject the mother's contention that the court improperly limited her visitation with the children. "Visitation decisions are generally left to Family Court's sound discretion, requiring reversal only where the decision lacks a sound and substantial basis in the record" (*Matter of Flood v Flood*, 63 AD3d 1197, 1198; *see Matter of Wojcik v Newton* [appeal No. 2], 11 AD3d 1011). Here, the record reflects that the mother was convicted of burglary in September 2008 and was sentenced as a second felony offender to a minimum aggregate term of incarceration of 5 years and 10 months and a maximum aggregate term of incarceration of 14 years. At the hearing on the petitions, a police officer testified that one of the parties' children was with the mother when she committed one of the burglaries for which she is presently incarcerated. In its bench decision, the court expressed concern with respect to the nature of the mother's communications with the children, noting that the mother casually lies, that her judgment is impaired, and that she appears to be morally indifferent. The court further determined that the mother was "lacking in credibility." Thus, deferring to "the court's firsthand assessment of the character and credibility of the parties" (*Matter of Thayer v Thayer*, 67 AD3d 1358, 1359), we conclude that there is a sound and substantial basis in the record to support the determination limiting the mother's visitation with the children to six supervised visits per year (*see Matter of Baker v Blanchard*, 74 AD3d 1427, 1428-1429; *Matter of Garraway v Laforet*, 68 AD3d 1192, 1194; *Matter of Bougor v Murray*, 283 AD2d 695, 695-696).

The mother further contends that the court erred in prohibiting the children from having any contact with her husband, the children's stepfather, based solely upon the hearsay testimony of respondent father concerning an allegation that the stepfather engaged in inappropriate sexual conduct with one of the children. Preliminarily, we note that the mother failed to preserve for our review her present contention that the court erred in admitting at the hearing the father's uncorroborated hearsay testimony concerning the alleged sexual abuse inasmuch as she did not object to that testimony at the hearing (*see Matter of Stacey L.B. v Kimberly R.L.*, 12 AD3d 1124, 1125, *lv denied* 4 NY3d 704). In any event, we note that there is no evidence to suggest that the stepfather had regular contact or visitation with the children, and we thus conclude that, in light of the allegation of sexual misconduct against the stepfather, we see no basis to disturb the court's determination that the children should have no contact with him.

Entered: February 18, 2011

Patricia L. Morgan
Clerk of the Court