sessment, and we generally defer to "the court's firsthand assessment of the character and credibility of the parties" (*Matter of Thayer v Thayer*, 67 AD3d 1358, 1359 [2009]; *see Nicole J.R.*, 81 AD3d at 1451; *Matter of Hill v Rogers*, 213 AD2d 1079 [1995]).

We reject the mother's contention with respect to the order in appeal No. 2 that the court erred in taking sworn testimony from her before issuing a temporary order of protection (*see generally* Family Ct Act § 828; *Matter of Ardis S. v Sanford S.*, 88 Misc 2d 724, 725-726 [1976]; Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 828, at 286). Finally, we conclude with respect to the order in appeal No. 2 that the court properly dismissed the family offense petition inasmuch as the mother failed to meet her burden of establishing by a fair preponderance of the evidence that the father committed the family offense of harassment in the second degree (*see* Family Ct Act § 812 [1]; § 832; *Matter of Woodruff v Rogers*, 50 AD3d 1571 [2008], *lv denied* 10 NY3d 717 [2008]; *Matter of Deborah D. v Kathy D.*, 26 AD3d 759 [2006]). "Contrary to the further contention of the mother, the court's assessment of the credibility of the witnesses is entitled to great weight, and the court was entitled to credit the testimony of the father over that of the mother" (*Matter of Kobel v Holiday*, 78 AD3d 1660 [2010]; *see Matter of Danielle S. v Larry R.S.*, 41 AD3d 1188 [2007]). Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.

■ In the Matter of TONYA HELLES, Appellant, v LUKE HELLES, SR., Respondent. (Appeal No. 2.) [930 NYS2d 526]—

Same memorandum as in *Matter of Helles v Helles* (87 AD3d 1273 [2011]). Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.

■ In the Matter of TONYA HELLES, Appellant, v LUKE HELLES, SR., Respondent. (Appeal No. 3.) [929 NYS2d 906]—