sessment, and we generally defer to "the court's firsthand assessment of the character and credibility of the parties" (*Matter of Thayer v Thayer*, 67 AD3d 1358, 1359 [2009]; *see Nicole J.R.*, 81 AD3d at 1451; *Matter of Hill v Rogers*, 213 AD2d 1079 [1995]).

We reject the mother's contention with respect to the order in appeal No. 2 that the court erred in taking sworn testimony from her before issuing a temporary order of protection (*see generally* Family Ct Act § 828; *Matter of Ardis S. v Sanford S.*, 88 Misc 2d 724, 725-726 [1976]; Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 828, at 286). Finally, we conclude with respect to the order in appeal No. 2 that the court properly dismissed the family offense petition inasmuch as the mother failed to meet her burden of establishing by a fair preponderance of the evidence that the father committed the family offense of harassment in the second degree (*see* Family Ct Act § 812 [1]; § 832; *Matter of Woodruff v Rogers*, 50 AD3d 1571 [2008], *lv denied* 10 NY3d 717 [2008]; *Matter of Deborah D. v Kathy D.*, 26 AD3d 759 [2006]). "Contrary to the further contention of the mother, the court's assessment of the credibility of the witnesses is entitled to great weight, and the court was entitled to credit the testimony of the father over that of the mother" (*Matter of Kobel v Holiday*, 78 AD3d 1660 [2010]; *see Matter of Danielle S. v Larry R.S.*, 41 AD3d 1188 [2007]). Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.

■ In the Matter of TONYA HELLES, Appellant, v LUKE HELLES, SR., Respondent. (Appeal No. 2.) [930 NYS2d 526]—

Same memorandum as in *Matter of Helles v Helles* (87 AD3d 1273 [2011]). Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.

■ In the Matter of TONYA HELLES, Appellant, v LUKE HELLES, SR., Respondent. (Appeal No. 3.) [929 NYS2d 906]—

Same memorandum as in *Matter of Helles v Helles* (87 AD3d 1273 [2011]). Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.

■ In the Matter of KRISTIN T. WRIGHT, Respondent, v JEFFREY J. PATAKY, Appellant. [930 NYS2d 528]—

It is hereby ordered that the order so appealed from is unanimously affirmed without costs for reasons stated in the decision at Family Court. Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.

■ In the Matter of COMMISSIONER OF GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of NAKEETA GIBSON, Respondent, v JERRELL J.T. JONES, Appellant. [929 NYS2d 907]—

Memorandum: Respondent father appeals from an order confirming the Support Magistrate's determination that he willfully failed to obey an order of Family Court and sentencing him to six months in jail. We agree with the father that the court erred in allowing him to proceed pro se at the confirmation hearing.

"A person who faces the possibility of imprisonment stemming from the willful violation of a previous order of the court has the right to the assistance of counsel" (*Matter of Scott v Scott*, 62 AD3d 714, 715 [2009]; *see* Family Ct Act § 262 [a] [vi]; *Matter of Tanya T. McD. v Timothy E.D.*, 63 AD3d 423 [2009]; *Matter of Keenan v Keenan*, 51 AD3d 1075, 1077 [2008]). "The deprivation of a party's fundamental right to counsel is a denial of due process and requires reversal, without regard to the merits of the unrepresented party's position . . . Although a party may proceed pro se, [a] court's decision to permit a party who is entitled to counsel to proceed pro se must be supported by a showing on the record of a knowing, voluntary and intelligent waiver of [the right to counsel] . . . In order for the court