# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

866

CAF 10-01016

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF TONYA HELLES,
PETITIONER-APPELLANT,

V                                           MEMORANDUM AND ORDER

LUKE HELLES, SR., RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, LIVINGSTON COUNTY CONFLICT
DEFENDER, WARSAW (EDWARD L. CHASSIN OF COUNSEL), FOR
PETITIONER-APPELLANT.

KATHLEEN P. REARDON, ROCHESTER, FOR RESPONDENT-RESPONDENT.

WENDY S. SISSON, ATTORNEY FOR THE CHILDREN, GENESEO, FOR ABIGAIL H.,
JASMINE H., ISAAC H., LUKE H., JR. AND DYLAN H.

-------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Livingston County
(Robert B. Wiggins, J.), entered April 8, 2010 in a proceeding
pursuant to Family Court Act article 6.  The order, inter alia,
continued the prior visitation schedule.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In appeal No. 1, petitioner mother appeals from an
order that, inter alia, continued the prior visitation schedule with
respect to the parties' children.  In appeal No. 2, the mother appeals
from an order that, inter alia, dismissed her family offense petition.
In appeal No. 3, the mother appeals from an order dismissing two
petitions in which she alleged that the father had violated the
temporary order of protection.  We affirm the order in each appeal.
Addressing first the order in appeal No. 3, we conclude that the
mother has failed to brief any issues regarding that order, and we
therefore deem those issues abandoned (*see Matter of Jezekiah R.-A.*,
78 AD3d 1550, 1551; *Ciesinski v Town of Aurora*, 202 AD2d 984).

Contrary to the mother's contention with respect to the order in
appeal No. 1, " '[v]isitation decisions are generally left to Family
Court's sound discretion, requiring reversal only where the decision
lacks a sound and substantial basis in the record' " (*Matter of Nicole
J.R. v Jason M.R.*, 81 AD3d 1450, 1451, *lv denied* 17 NY3d 701; *see
Matter of Vieira v Huff*, 83 AD3d 1520, 1521; *Matter of Vasquez v
Barfield*, 81 AD3d 1398).  Here, there was a sound and substantial

basis in the record for the court's determination to continue the prior visitation schedule inasmuch as it was based on a credibility assessment, and we generally defer to "the court's firsthand assessment of the character and credibility of the parties" (*Matter of Thayer v Thayer*, 67 AD3d 1358, 1359; *see Nicole J.R.*, 81 AD3d at 1451; *Matter of Hill v Rogers*, 213 AD2d 1079).

We reject the mother's contention with respect to the order in appeal No. 2 that the court erred in taking sworn testimony from her before issuing a temporary order of protection (*see generally* Family Ct Act § 828; *Matter of Ardis S. v Sanford S.*, 88 Misc 2d 724, 725-726; Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 828, at 286).  Finally, we conclude with respect to the order in appeal No. 2 that the court properly dismissed the family offense petition inasmuch as the mother failed to meet her burden of establishing by a fair preponderance of the evidence that the father committed the family offense of harassment in the second degree (*see* Family Ct Act § 812 [1]; § 832; *Matter of Woodruff v Rogers*, 50 AD3d 1571, *lv denied* 10 NY3d 717; *Matter of Deborah D. v Kathy D.*, 26 AD3d 759).  "Contrary to the further contention of the mother, the court's assessment of the credibility of the witnesses is entitled to great weight, and the court was entitled to credit the testimony of the father over that of the mother" (*Matter of Kobel v Holiday*, 78 AD3d 1660; *see Matter of Danielle S. v Larry R.S.*, 41 AD3d 1188).

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court