# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

830.1
CAF 12-00063
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF SHAWN G. GRANGER,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DANIELLE D. MISERCOLA, RESPONDENT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, BUFFALO, FOR PETITIONER-RESPONDENT.

MELISSA L. KOFFS, ATTORNEY FOR THE CHILD, CHAUMONT, FOR TRENTIN T.M.

---

Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered December 7, 2011 in a proceeding pursuant to Family Court Act article 6. The order granted the petition for visitation.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father commenced this Family Court Act article 6 proceeding seeking visitation with the parties' child at the correctional facility where he was then incarcerated. Family Court granted the father's petition and, inter alia, awarded him "one four hour visit during the months of January and April 2012 and then every other month commencing in July 2012." We affirm.

" 'It is generally presumed to be in a child's best interest[s] to have visitation with his or her noncustodial parent and the fact that a parent is incarcerated will not, by itself, render visitation inappropriate' " (*Matter of Thomas v Thomas*, 277 AD2d 935; *see Matter of Cierra L.B. v Richard L.R.*, 43 AD3d 1416, 1416-1417). "Unless there is a compelling reason or substantial evidence that visitation with an incarcerated parent is detrimental to a child's welfare, such visitation should not be denied" (*Thomas*, 277 AD2d 935; *see Matter of Rhynes v Rhynes*, 242 AD2d 943, 943). "[V]isitation decisions are generally left to Family Court's sound discretion, requiring reversal only where the decision lacks a sound and substantial basis in the record" (*Matter of Helles v Helles*, 87 AD3d 1273, 1273 [internal quotation marks omitted]).

Contrary to the contentions of respondent mother and the Attorney

for the Child, we conclude that there is a sound and substantial basis in the record to support the court's determination to grant the father visitation with the child in accordance with the schedule set forth in the order (*see Matter of Culver v Culver*, 82 AD3d 1296, 1298-1299, *appeal dismissed* 16 NY3d 884, *lv denied* 17 NY3d 710; *Matter of Baker v Blanchard*, 74 AD3d 1427, 1428-1429; *Rhynes*, 242 AD2d at 943-944; *cf. Matter of Albanese v Albanese*, 44 AD3d 1117, 1120; *see generally Matter of Nicole J.R. v Jason M.R.*, 81 AD3d 1450, 1451, *lv denied* 17 NY3d 701). In reaching that conclusion, we defer to the court's opportunity to assess firsthand the character and credibility of the parties (*see Helles*, 87 AD3d at 1273-1274; *Nicole J.R.*, 81 AD3d at 1451).

The record establishes that the father was convicted of various felony drug charges, for which he was sentenced to an aggregate term of incarceration of eight years. Prior to his incarceration, the father was present for the birth of the child, and he testified that, during the six or seven months in which he was not incarcerated following the child's birth, he visited with the child on approximately 12 occasions. Although the father has not seen the child since the father was incarcerated, at which time the child was only a year old, the father has repeatedly requested that the mother transport the child to the correctional facility for visitation, and he has attempted to maintain a relationship with the child over the telephone and by sending letters, cards, and gifts. We thus conclude that the father made, and continues to make, efforts to establish a relationship with the child, and it cannot be said that he is "a stranger to the child" (*Culver*, 82 AD3d at 1299 [internal quotation marks omitted]).

We recognize that the three-year-old child will be required to travel a distance of over two hours in both directions to effectuate visitation. Nevertheless, the fact "[t]hat the child is young and will likely need to travel a considerable distance between [his] residence and the father's prison does not necessarily preclude visitation" (*id.*). We note that the father has arranged for his mother and sisters to transport the child for visitation. Although it is apparent from the record that the child is not familiar with those members of the father's family, making them "virtual strangers" (*Matter of Goldsmith v Goldsmith*, 68 AD3d 1209, 1210), the court purposely scheduled limited visits during the initial six-month period to afford the parties the opportunity to familiarize the child with the father's mother and sisters, and the court thus fashioned a visitation plan that was " 'viable and workable' " (*Culver*, 82 AD3d at 1299). The record further establishes that the father's earliest release date is not until September 2016, and we agree with the court that such a long period of separation could be detrimental to the established relationship between the father and the child.

Finally, although it appears that the father was transferred to another correctional facility after the court issued its determination, which the mother alleges will lengthen the distance that the child must travel to effectuate visitation, we note that "any change in circumstance is more appropriately the subject of a

modification petition" (*Matter of Moore v Schill*, 44 AD3d 1123, 1123).