# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1124
CAF 15-02024
PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND SCUDDER, JJ.

IN THE MATTER OF GERALD SMITH,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

TONYA STEWART, RESPONDENT-RESPONDENT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR PETITIONER-APPELLANT.

PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-RESPONDENT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILD, ROCHESTER.

-------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Monroe County (Julie Anne Gordon, R.), entered May 1, 2015 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, denied petitioner's request for visitation with the subject child at a correctional facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order that, inter alia, denied without prejudice his request for in-person visitation with the subject child at the correctional facility in which he is currently incarcerated. Contrary to petitioner's contention, we conclude that "a sound and substantial basis exist[s] in the record for the [Referee]'s determination that the visitation requested by petitioner would not be in the . . . child's best interest[s] under the present circumstances" (*Matter of Ellett v Ellett*, 265 AD2d 747, 748).

It is well settled that "visitation decisions are generally left to Family Court's sound discretion, requiring reversal only where the decision lacks a sound and substantial basis in the record" (*Matter of Helles v Helles*, 87 AD3d 1273, 1273 [internal quotation marks omitted]; *see Matter of Rulinsky v West*, 107 AD3d 1507, 1509). Furthermore, " '[i]t is generally presumed to be in a child's best interest[s] to have visitation with his or her noncustodial parent[,] and the fact that a parent is incarcerated will not, by itself, render visitation inappropriate' " (*Matter of Thomas v Thomas*, 277 AD2d 935, 935; *see Matter of Cierra L.B. v Richard L.R.*, 43 AD3d 1416, 1416-1417). Nevertheless, "where, as here, domestic violence is

alleged, 'the [Referee] must consider the effect of such domestic violence upon the best interests of the child' " (*Matter of Moreno v Cruz*, 24 AD3d 780, 781, *lv denied* 6 NY3d 712, quoting Domestic Relations Law § 240 [1]; *see Matter of Chilbert v Soler*, 77 AD3d 1405, 1406, *lv denied* 16 NY3d 701).  Furthermore, petitioner presented no plan to accomplish the requested visitation, and the record establishes that none of his friends or family members have offered to facilitate transportation of the child (*cf. Matter of Granger v Misercola*, 96 AD3d 1694, 1695, *affd* 21 NY3d 86).  In addition, the record supports the Referee's determination that respondent does not have a driver's license or the financial resources to provide transportation for the child.  Consequently, we conclude that a sound and substantial basis in "[t]he record supports the [Referee]'s conclusion that petitioner had no reasonable, feasible plan to facilitate the requested visitation and that compelling [respondent] to undertake the travel arrangements and have contact with petitioner was not reasonable or appropriate.  Notably, the denial was not premised merely on an arbitrary opposition to visitation or its cost and inconvenience . . . but, rather, on the unavailability of any appropriate arrangement to accomplish physical visitation under the[] circumstances" (*Matter of Conklin v Hernandez*, 41 AD3d 908, 911; *see Matter of Anthony MM. v Rena LL.*, 34 AD3d 1171, 1172, *lv denied* 8 NY3d 805).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court