Matter of Irizarry v Jorawar (2018 NY Slip Op 03360)





Matter of Irizarry v Jorawar


2018 NY Slip Op 03360


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-03037
 (Docket Nos. V-18303-14, V-18304-14)

[*1]In the Matter of Pedro Irizarry, appellant, 
v
Jaheriah Jorawar, respondent.


Robert Marinelli, New York, NY, for appellant.
Nestor Soto, Astoria, NY, for respondent.
Hector L. Santiago, Kew Gardens, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Jane A. McGrady, Ct. Att. Ref.), dated March 8, 2017. The order, insofar as appealed from, after a fact-finding hearing, denied that branch of the father's petition which sought in-person visitation with the parties' children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father are the parents of two minor children. The father has been incarcerated since December 2005 for his conviction of murder in the second degree. His earliest possible parole date is in 2023. He last saw the children in 2007 or 2008, when they were both under five years old. In 2008, the mother was granted an order of protection against the father for threats he allegedly made against her by mail and telephone. Other than an exchange of correspondence between the father and the mother and children several years ago, there had been no communication between the father and the children since 2010. In 2014, the father filed a petition for visitation with the children. After a fact-finding hearing, at which the forensic evaluator, the mother, and the father testified, the Family Court determined that visitation between the father and the children was not in the children's best interests and directed, instead, that the father be permitted to send mail correspondence to the children at an address to be provided by the mother. The father appeals.
Initially, contrary to the mother's contention, the father is aggrieved by the order since it did not award him the complete relief he requested (see CPLR 5511; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545).
The Family Court properly denied that branch of the father's petition which sought in-person visitation. The paramount concern when making a visitation determination is the best interests of the children under the totality of the circumstances (see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381; Matter of Diaz v Garcia, 119 AD3d 682; Matter of Boggio v Boggio, 96 AD3d 834). "[V]isitation with a noncustodial parent is presumed to be in the best interests of a child, even when that parent is incarcerated" (Matter of Georghakis v Matarazzo, 123 AD3d 711; [*2]see Matter of Granger v Misercola, 21 NY3d 86, 90; Matter of Franklin v Richey, 57 AD3d 663, 664). That presumption may be rebutted, however, by demonstrating, by a preponderance of the evidence, that "under all the circumstances visitation would be harmful to the child's welfare, or that the right to visitation has been forfeited" (Matter of Granger v Misercola, 21 NY3d at 91). Here, there is a sound and substantial basis in the record for limiting the father's contact with the children to mail correspondence (see Matter of Granger v Misercola, 96 AD3d 1694, 1695, affd 21 NY3d 86). A preponderance of the evidence demonstrated that visitation would be harmful to the children's welfare.
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court