Matter of Solomon v Fishman (2018 NY Slip Op 04741)





Matter of Solomon v Fishman


2018 NY Slip Op 04741


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-07775
 (Docket No. O-7850-14/14A/15D/16H/16J)

[*1]In the Matter of Jennifer S. Solomon, respondent,
v
Marc H. Fishman, appellant.


Del Atwell, East Hampton, NY, for appellant.
Virginia Foulkrod, White Plains, NY (Nicole E. Feit of counsel), for respondent.
Kathleen M. Hannon, Scarsdale, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Westchester County (Michelle I. Schauer, J.), dated June 27, 2017. The order of protection directed the father, inter alia, to stay away from the mother until and including June 27, 2019.
ORDERED that the order of protection is affirmed, with costs.
Contrary to the father's contention, vacatur of the order of protection is not warranted based upon the Family Court's alleged failure to provide reasonable accommodations for his alleged disabilities, in violation of the Americans with Disabilities Act (hereinafter the ADA) (42 USC § 1210 et seq.). The father failed to submit sufficient evidence in support of his claim that he was disabled (see Kadanoff v Kadanoff, 46 AD3d 626, 627). Additionally, the father did not demonstrate, as required by the ADA, that, by virtue of his alleged disabilities, he was substantially limited in a major life activity (see id. at 627; Blank v Investec Ernst & Co., 2004 WL 2725138, 2004 US Dist LEXIS 24008 [SD NY, Nov. 18, 2004, No. 02-CV-3260 (REC)]). Moreover, the court, despite the absence of an adequate showing by the father of any such disability, nonetheless acceded to all of the father's reasonable requests for accommodations.
The Family Court providently exercised its discretion in denying the father's request for the use by him of a personal note-taker or tape recorder at court proceedings, as the father had the ability to order official transcripts of the proceedings. Likewise, the court providently denied the [*2]father's ex parte requests under the guise of an ADA accommodation for alterations to the terms of his supervised parental access with the parties' children, since no such alterations could be made in the absence of a determination of the best interests of the subject children (see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381; Matter of Irizarry v Jorawar, __ AD3d __, 2018 NY Slip Op 03360 [2d Dept 2018]). The court also providently denied the father's ADA-based requests for the production to the father by the court of confidential records prepared for the court by a social worker, and for certain ADA accommodations for one of his sons, who he claimed was also disabled.
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court