Matter of Virgilio M. v Jasmin R. (2019 NY Slip Op 03460)





Matter of Virgilio M. v Jasmin R.


2019 NY Slip Op 03460


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Sweeny, J.P., Gische, Webber, Kahn, Moulton, JJ.


9164

[*1]In re Virgilio M., Petitioner-Appellant,
v
Jasmin R., Respondent-Respondent.


Larry S. Bachner, New York, for appellant.
Christopher L. Esposito, Bronx, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Louise Feld of counsel), attorney for the children.



Order, Family Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about February 10, 2017, which, inter alia, denied respondent father's petition to terminate an order of guardianship issued on June 19, 2013, which committed custody of the two subject children to respondent Jasmin R., and granted the father supervised visitation, unanimously affirmed, without costs.
Family Court properly found that extraordinary circumstances warranted awarding custody of the children to a non-parent, respondent Jasmin R., the children's half-sister, and that continuation of the guardianship was in the children's best interests (see Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). Testimony by the father's adult daughter and two adult step-daughters demonstrated that the father had a long history of inappropriate sexual conduct with them, which eventually resulted in his pleading guilty to endangering the welfare of a child and issuance of a five-year order of protection in favor of his oldest daughter when she was a teenager. The court-appointed evaluator concluded that the daughter and step-daughters were telling the truth and testified that the father's prior conduct was a strong predictor of future conduct. The referee found the women's testimony, and that of the forensic evaluator, to be highly credible, and the father's denials to be incredible, and we defer to those credibility determinations (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]).
Moreover, the record establishes that, as a result of the terms of the father's criminal probation, which precluded him from having contact with minor children, and the death of the children's mother in 2010, the subject children have been cared for by relatives since 2010 and by respondent Jasmin R. since early 2013. Given that the subject children are now adolescent females, and have endured substantial instability in their lives and a lengthy disruption of the father's custody, extraordinary circumstances continue to dictate that guardianship by Jasmin R. is in their best interests (see Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]; Friederwitzer v Friederwitzer, 55 NY2d 89 [1992]). For the same reasons, as well as the evidence that the children are well-cared for by Jasmin and her husband, and the children's expressed preferences to remain in their care, we find that it is in their best interests to maintain the guardianship order.
We agree with the Family Court's determination that the father's visitation with his two youngest daughters requires supervision (see Matter of Helles v Helles, 87 AD3d 1273, 1273-1274 [4th Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK